. [No. 2,286.]

# H. P. LIVERMORE AND JULIUS CHESTER v. P. A. STINE.

OBJECTION TO AMOUNT OF VERDICT MUST BE PARTICULARLY SPECIFIED.—On appeal from an order denying a new trial, a point that the verdict is for too small a sum cannot be considered in the Supreme Court, if it be not particularly specified as a ground of objection in the statement.

CONFLICT OF EVIDENCE.—A verdict will not be disturbed as against evidence where there is a substantial conflict of evidence.

OBJECTION TO EVIDENCE OF CONTRACT AS INCOMPETENT SHOULD BE MADE WHEN TESTIMONY OFFERED.—If a party claiming under a contract, required by the Statute of Frauds to be in writing, be permitted without objection to prove a contract by parol, and a motion be afterwards made to strike out the testimony on the ground that the contract was not in writing, the fact that the evidence is already before the jury, without objection, is a sufficient answer to such motion.

DEFECTIVE INSTRUCTION HELPED OUT BY ANOTHER INSTRUCTION.—Where an instruction given at the request of one party was open to criticism as omitting an important element, but the point in which it was deficient was distinctly enunciated in an instruction given at the request of the other party: *Held*, that the jury had not been misled.

APPEAL from the District Court of the Sixteenth Judicial District, Kern County.

This was an action for five hundred and sixty-nine dollars and sixty-eight cents on promissory notes and book account. The defendant answered, denying any greater indebtedness than sixty-nine dollars and sixty-eight cents in the first count, and in the second setting up a counterclaim for five hundred dollars, for bricks made for plaintiffs, and praying that such amount might be allowed as an offset to plaintiffs' demand.

There was testimony tending to show that the plaintiffs, by their agent, George B. Chester, made a contract with defendant to make fifty thousand bricks for them, and that he made them. After considerable testimony had been heard on the subject of the contract, the defendant, being recalled, testified that the contract was not in writing. Plaintiffs then moved to strike out all the testimony in relation to the contract, on the ground that such contract was invalid, under section thirteen of the Statute of Frauds, because it was not in writing. The motion was denied, and plaintiffs excepted.

The second instruction, asked by the defendant and given by the Court to the jury, was as follows : "If the jury believe from the evidence that defendant agreed with George B. Chester to make fifty thousand bricks for the sum of five hundred dollars, and that George B. Chester was agent of plaintiffs, they will allow the defendant an offset of five hundred dollars."

The Court also gave the following instruction asked by the plaintiffs: "If the jury believe from the evidence that the defendant and George Chester entered into a contract by which the defendant was to make fifty thousand bricks and the plaintiffs were to pay him five hundred dollars therefor, that in order to bind the plaintiffs by such contract then it

must be shown that the plaintiffs assented thereto or author-
ized George Chester to make such a contract in order to
bind the plaintiffs thereby."

The trial, being before a jury, resulted in a verdict and
judgment in favor of plaintiffs for sixty-nine dollars and
sixty-eight cents. Plaintiffs moved for a new trial, assign-
ing as error, among other things, that the evidence was
insufficient to justify the verdict, and that the same was
against law, but not particularly specifying that the amount
of their recovery was too small. The motion having been
overruled, plaintiffs appealed from the order.

*Clark & Carpenter*, for Appellants.

The alleged sale of bricks was for five hundred dollars,
and not in writing, nor was there any memorandum thereof,
or partial payment, or any delivery or acceptance. Under
these circumstances the Court below erred in refusing to
strike out the testimony given in support of the sale. (Hitt.
Dig. 457; *Stevens* v. *Steward*, 3 Cal. 143; *Malone* v. *Plato*, 22
Cal. 104; 1 Greenleaf on Ev., Sec. 267; 3 Parsons on Con.
335; 1 Den. 48; 1 Comst. 261; 2 Kent, 666; Smith on Con.
327; 3 Bouv. Ins. 19; 12 Pick. 82; 13 Pick. 183; *Haskell* v.
*McHenry*, 4 Cal. 411.)

The second instruction given for defendant was erroneous,
for the reason that the right of defendant to his counter-
claim did not depend alone upon the facts that George B.
Chester made a contract with defendant, and that George
B. Chester was the agent of plaintiffs, as indicated by the
instruction; but it would have been necessary to show further
that in making the contract he was acting as agent and made
such contract for the plaintiffs. The form of this instruction
is such that the jury, if they found the existence of those
two facts set forth in the instruction, were not called upon
to, and probably did not, consider the other instructions of

the Court. (See *Gallagher* v. *Williamson*, 23 Cal. 334; *Pearson* v. *Snodgrass*, 5 Cal. 479.)

*Coffroth & Spaulding* and *J. W. Freeman*, for Respondent.

The first point made by appellants is first made in this Court; we are, therefore, not called upon to pay any attention to it.

The rule that a verdict will not be disturbed as against evidence, when there is a conflict in the evidence, as there is here, was adopted in the first volume of our Reports, in *Gunter* v. *Sanchez*, 1 Cal. 49, and has been steadily adhered to ever since, inclusive of the last volume.

The contract did not come within the Statute of Frauds. It was simply to make fifty thousand bricks for plaintiffs, and there was nothing provided about a delivery. There was no contract for delivery, nor was the property susceptible of delivery. As soon as the bricks were burned they became unconditionally the property of plaintiffs. The defendant had no further interest in them. The obligations of the contract were concluded.

The instructions given to the jury were correct; by them the jury were allowed to pass upon the question of the contract.

By the Court, WALLACE, C. J.:

This is an appeal from an order denying the motion of the plaintiff for a new trial.

First—The point made that the verdict is for too small a sum of money cannot be considered here, inasmuch as it was not specified in the statement filed in support of the motion with the particularity required by the statute.

Second—The evidence in relation to the subject of the counterclaim was substantially conflicting, and the verdict will, therefore, not be disturbed here.

Third—The counterclaim does not purport to be a contract for the sale or delivery of chattels, but one for the performance of labor. If it had been otherwise, however, the defendant was permitted, without objection, to prove it by other evidence than that required by the Statute of Frauds, and an objection on that point cannot be made now. It is true that at a subsequent stage of the trial a motion was made to strike out the evidence of the contract, because it was not in writing, which motion was denied by the Court; but the fact that the evidence was already before the jury, without objection, was a sufficient answer to the motion. The supposed incompetency of the evidence appeared on its face, and the objection should have been made when it was offered.

Fourth—The second instruction given at the instance of the defendant is somewhat open to criticism, in the respect that the question of the authority of George B. Chester to enter into the contract was not adverted to in that instruction; but in the first instruction given, upon request of the plaintiffs, the jury were distinctly told "that, in order to bind the plaintiffs by such contract, it must be shown that the plaintiffs assented thereto or authorized George Chester to make such a contract, in order to bind the plaintiffs thereby." In view of this distinct enunciation upon the point the jury could hardly have been misled by the omission occurring in the other instruction.

The order denying new trial is affirmed.