## HOWARD v. STRATTON.

### January 29, 1884.

2 Pac. 263.

**Promissory Note—Discharge—Parol to Show.**—Where a promissory note is given to secure a promise by the maker that he will support the payee and care for him, and such promise is fulfilled, the note is discharged, and parol evidence is admissible to prove that a written agreement is totally discharged.

Arnold & Jones for plaintiff and respondent; Leach & Parker for defendant and appellant.

By the COURT.—The court erred in excluding evidence tending to prove that there was an agreement between Tyson and Stratton by which the former agreed to let the latter have the rancho on which he lived in consideration of his giving Tyson a home and support during the residue of his life, and that the notes sued on in this action were given by Stratton to Tyson to secure the performance by Stratton

of said agreement on his part, and that he had performed the same. The admission of such evidence would not violate the rule which forbids the introduction of parol evidence to contradict or vary a written contract. If the notes were given to secure the execution by Stratton of a promise to support and take care of Tyson, and that promise was fulfilled, the notes were discharged, and parol evidence is admissible to prove that a written agreement has been totally discharged. There is nothing in this which tends to contradict or vary a written contract.

It does not appear that an exception was taken to the ruling of the court on the defendant's motion to strike out the testimony of John Treat, and we cannot, in the absence of an exception, review said ruling.

Judgment and order reversed.