[No. 11039.   Department Two. — September 13, 1888.]
GEORGE SCHULTZ, APPELLANT, v. H. H. NOBLE,
RESPONDENT.

STATUTE OF FRAUDS — EXECUTED VERBAL GUARANTY — EVIDENCE. — If a
verbal promise to answer for the debt or default of another be executed
by the promisor, he cannot afterward raise the question of its validity;
and such executed verbal promise may be proven in an action upon an
accommodation note given by the promisee for the benefit of the guar-
antor, and negotiated in satisfaction of the debt.

ID. — ACCOMMODATION PAPER — PAYMENT. — In an action by the indorser
against the maker of a note which has been paid by the indorser, it is
proper to show the circumstances under which the note was made; and
if it appears from the evidence that the note was made by the defendant
as an accommodation for the benefit of the indorser, and that the amount
for which it was originally negotiated was applied in payment of an
indebtedness due from the indorser to the maker upon a verbal guar-
anty, then the verbal promise was executed, and the note was paid and
satisfied when the indorser took it up.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion.

*T. C. Van Ness,* for Appellant.

The parol evidence of the promise to answer for the
debt or default of another was inadmissible.   (Code Civ.
Proc., sec. 1973.)   Part performance, though it may take
a case out of the statute in equity, can have no such
effect at law.   (*Henry* v. *Wells,* 48 Ark. 485; *Brown* v.
*Hoag,* 35 Minn. 373.)

*Lloyd & Wood,* for Respondent.

Evidence of the circumstances under which the note
was made was admissible.   The verbal guaranty was
ratified by the accommodation note; and the moral
obligation was a sufficient consideration for the indorse-
ment.

BELCHER, C. C.—This is an appeal by the plaintiff from a judgment and an order denying him a new trial.

The action was based upon a promissory note, which was signed by the defendant, indorsed by the plaintiff, and made payable to the order of Boyd & Davis.

The answer denied the material allegations of the complaint, and, by way of affirmative defense, alleged that the note was in fact the note of plaintiff; that it was executed by defendant as apparent maker and plaintiff as apparent indorser, at the request of plaintiff, and was given to defendant that he might negotiate it, and thereby raise money to satisfy an antecedent indebtedness to defendant, which plaintiff was obligated to pay; that plaintiff promised to pay the note at or before its maturity, and that it was negotiated for nine thousand dollars and the proceeds applied in satisfaction of his indebtedness.

At the trial the defendant called witnesses to prove that he was a stock-broker, and that plaintiff requested him as such to purchase certain mining stocks for Mrs. Theall, and verbally promised to guarantee him against any loss that might result from the purchase; that he purchased the stocks, paying for them with his own money, and held them at the request of plaintiff till they had depreciated in value more than ten thousand dollars, and then on the order of plaintiff sold them; that plaintiff promised to give defendant his note for the ten thousand dollars, payable in sixty days, but when asked to execute it, said it would hurt his credit to give his note for ten thousand dollars, but he would indorse defendant's note for that sum, and would certainly pay it at its maturity; that defendant accepted this offer, and thereupon the note in suit was executed and sold, and the amount of it was placed to plaintiff's credit.

The plaintiff objected to this evidence, and after it was given, asked to have it stricken out upon the ground that a verbal promise to answer for the debt or default

of another is void, and parol evidence of such promise is inadmissible.

The court overruled the objection and denied the motion, and afterwards refused, at the request of plaintiff, to instruct the jury that the evidence did not constitute any defense.

The appellant insists that these rulings were erroneous, and whether they were or not is the only question presented for decision.

We think the evidence admissible and the rulings proper. It is true that a verbal promise to answer for the debt or default of another cannot be enforced, except in the cases mentioned in section 2794 of the Civil Code; still, if such a promise be executed by the promisor, he cannot afterward raise the question of its validity. It has been held, where an action was brought to enforce a contract required by the statute of frauds to be in writing, and parol proof of the contract was admitted without objection, that the contracting party could not have the proofs stricken out because it subsequently appeared that the contract was only a verbal one. (*Livermore* v. *Stine*, 43 Cal. 274; *Sweetland* v. *Shattuck*, 66 Cal. 31.)

It was proper to show the circumstances under which the note was made, and if the facts were as claimed by defendant and found by the jury, then the plaintiff's parol contract was executed, and the note paid and satisfied when he took it up. (*Cohen* v. *Goux*, 48 Cal. 97; *Treadwell* v. *Himmelmann*, 50 Cal. 9; *Howard* v. *Stratton*, 64 Cal. 487.)

In our opinion, the judgment and order should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.