[Sac. No. 1813.   Department One.—March 16, 1911.]

## CHARLES A. HAESE, Jr., Appellant, v. H. C. HEITZEG, Respondent.

ACTION TO QUIET TITLE—DEFENSE—DEED FROM IRRIGATION DISTRICT—FINDING AGAINST STIPULATION—DE FACTO DISTRICT—NEW TRIAL—MATERIALITY OF FINDING.—In an action to quiet title, where the defense was a deed for non-payment of an assessment of an irrigation district, in which it was found that the irrigation district did not exist and had not been acting in good faith as such during the period involved; but it was stipulated by counsel during the trial

that during said period the said district had been and now is acting in good faith, as such, the defendant against whom judgment was rendered is entitled to a new trial on the ground that the finding against a *de facto* irrigation district is against the evidence, if the finding is not rendered immaterial in view of other findings.

ID.—UNSUPPORTED FINDING AS TO ESTOPPEL OF JUDGMENT—ACTION BY TAXPAYER IN BEHALF OF OTHERS—JUDGMENT DECLARING ORGANIZATION INVALID.—Such finding is not rendered immaterial by an unsupported finding that defendant was estopped as a taxpayer by a previous judgment declaring the organization of the irrigation district invalid, at suit of one taxpayer brought on behalf of himself and others similarly situated, where it is not shown that defendant had any notice of such action, or that he appeared or joined therein in any way. The assumption by the plaintiff to act for others similarly situated did not require any one having a like interest to come and join the plaintiff in the action.

ID.—RULE AS TO PLAINTIFF ACTING FOR A CLASS OF PERSONS.—Where one plaintiff belonging to a numerous class of persons brings an action in behalf of himself and all others similarly situated, the judgment which may be rendered is binding on others of the class who accept the representation, and who connect themselves with the litigation, either by coming into the suit or seeking to share in the fruits of the judgment, or by acquiescing in it. But it is not binding upon those who do not participate in the proceeding or otherwise join in it.

ID.—EFFECT OF FINDING AS TO ESTOPPEL OF JUDGMENT VACATING CONFIRMATION PROCEEDINGS—SECOND JUDGMENT AGAINST BONDS.—The finding against the stipulation is not rendered immaterial by the effect of a finding as to the estoppel of a final judgment vacating a previous judgment confirming the bonds, and the organization of the district made eight years previous, at suit of several landholders of the district who assailed the validity of the corporation and the regularity of the bonds, and the rendition of a second judgment decreeing that the district was never organized, and that its proceeding for the issuance of the bonds were void, even if the later judgment be taken as the only final judgment.

ID.—SECOND JUDGMENT NOT BINDING—EFFECT OF STIPULATION—ESTOPPEL OF PARTIES AGREEING.—The second judgment could not bind the defendant, as against the stipulated and admitted fact that the district had been in good faith exercising the powers of an irrigation district *de facto,* during all of the time material to the questions here involved. As such, its acts regularly performed were valid; and the parties having thus admitted its *de facto* existence, could not be permitted to contradict their admission by judgment or otherwise. The stipulation was binding for all of the purposes of the action, and precluded any finding in opposition thereto.

ID.—JUDGMENT FOR INVALIDITY OF BONDS NOT AVOIDING ASSESSMENT FOR BONA FIDE HOLDERS.—Since it appears that the proceedings for the

confirmation of the bonds was taken in 1890, and the judgment confirming them was not set aside until eight years later, it is clear that, in the interval, the bonds may have passed into the hands of various *bona fide* holders, in whose hands they would be valid and binding obligations of the district; and valid assessments might be levied to pay the annual interest thereon. The decree setting aside the confirmation could not affect the rights of such *bona fide* holders.

Id.—PRIMA FACIE EVIDENCE FROM RECITALS IN CERTIFICATE OF SALE AND DEED NOT OVERCOME.—Where the final decree as to the bonds did not purport to question the validity of proceedings instituted for levy of an assessment for interest on bonds issued, and there is no evidence to overcome the *prima facie* showing, under section 48 of the Irrigation Act, which follows from the recitals, in the certificate of sale and deed of the collector, such sale and deed are sufficiently supported.

APPEAL from an order of the Superior Court of Tulare County granting a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

G. W. Zartman, for Appellant.

C. L. Russell, for Respondent.

SLOSS, J.—After judgment in favor of the plaintiff the court below granted the motion of defendant Heitzeg for a new trial. From the order granting this motion the plaintiff now appeals.

The action was one to quiet title to a quarter section of land in Tulare County. The defendant Heitzeg (whom we shall designate herein as the defendant), answered, admitting that plaintiff had been the owner of the premises prior to June, 1900, but claiming that he, the defendant, had succeeded to such title by virtue of two sales, (a) for non-payment of state and county taxes; and (b) for non-payment of an assessment levied against the land by the Tulare Irrigation District.

The court found against both defenses. No serious question is raised regarding the correctness of the finding that the proceedings for the collection of the state and county taxes were irregular to such an extent as to invalidate the tax-deeds under which Heitzeg claims. Upon the other defense the court found against the defendant's allegation that ever since the second

day of September, 1889, the Tulare Irrigation District has been, and now is, a duly organized and existing irrigation district, and that during said time it has been acting in good faith and transacting business as such irrigation district. There is a further finding to the effect that on the twenty-third day of November, 1898, in a matter entitled "In the Matter of Tulare Irrigation District," case number 2329, the superior court of Tulare County adjudged and decreed that said Tulare Irrigation District never was, and is not now, duly or regularly organized and that the same is not now a duly or regularly organized irrigation district. There is a finding that said irrigation district caused to be issued its bonds to the amount of five hundred thousand dollars as alleged in the answer, but that said bonds were not issued in the manner or form prescribed by law, and that none of them became or constituted an outstanding indebtedness of said district. The property described in the complaint was assessed to plaintiff during the year 1902 by said Tulare Irrigation District, but it is not true, finds the court, that said assessment was duly and properly levied according to law, or that said property was equalized by law. The non-payment, sale, and the execution of a deed to defendant Heitzeg are found as alleged in the answer. The only other finding that need be noticed here is one that "defendant is estopped from claiming any title or interest in or to said premises by reason of judgments numbered 2329 and 4467 of the superior court of the said county of Tulare."

One of the grounds upon which the defendant moved for a new trial was that the evidence was insufficient to justify the finding that the Tulare Irrigation District has not been since September, 1889, and that it is not now, a duly organized and existing irrigation district, *and that during said time it has not been acting in good faith and transacting business as such irrigation district.* The bill of exceptions shows that in the course of the trial the parties stipulated "that Tulare Irrigation District at all times since the 2nd day of September, 1889, has been, and now is, acting in good faith and transacting the business, performing the functions and duties, and exercising the franchises of an irrigation district under the laws of the state of California." That the italicized portion of the finding in question is contrary to this stipulation is, necessarily, conceded by the appellant. It is argued, however, that in view

of other findings the one in question is immaterial. If this be so, the error in making the finding in question would not furnish ground for a reversal of the judgment on appeal (*Windhaus* v. *Bootz*, 92 Cal. 617, [28 Pac. 557]; *Tuohy* v. *Woods*, 122 Cal. 625, [55 Pac. 683]), and for like reasons would not justify the granting of a new trial.

The claim that the finding in question is immaterial is based on the further finding that the defendant is estopped by judgments of the superior court of Tulare County, numbered 2329 and 4467. We think that neither of these judgments was such as to estop the purchaser under proceedings for collection of delinquent assessments from relying on his deed.

Judgment 4467 was in an action brought by B. W. Jauchius against the Tulare Irrigation District and its board of directors to obtain a decree that an assessment levied four years prior to the assessment which resulted in the sale to defendant be declared void; that the bonds of the district be declared not an outstanding indebtedness and that the organization of the district be annulled. The collector was subsequently brought in as a party defendant. The complaint declares that the plaintiff sues "on behalf of himself and all others who are similarly situated as taxpayers of the above named Tulare Irrigation District" and an exhibit attached to his pleading consists of a delinquent assessment-list of the district, including among the delinquent assessments one to H. C. Heitzeg, respondent herein, for seven lots. Judgment in the action went in favor of the plaintiff Jauchius, the judgment reciting an appearance on behalf of the plaintiff and no appearance for the defendants. It is claimed that this judgment operates as an estoppel against the defendant Heitzeg on the ground that he, as an owner and taxpayer in the district, was interested in the action and that it was brought on his behalf. But there is no showing that he had notice of the proceedings or that he appeared or joined in them in any way. Jauchius assumed to institute the action on behalf of himself and others similarly situated. This did not, however, require any one having a like interest to come in and join the plaintiff in the action. "Where one plaintiff belonging to a numerous class, as creditors, bondholders, beneficiaries, and the like, brings an action in behalf of himself and all others similarly situated, the judgment which may be rendered is binding on others of the class who

accept the representation, and who connect themselves with the litigation, either by coming into the suit or seeking to share in the fruits of the judgment, or by acquiescing in it. But it can have no binding effect on those who do not participate in the proceeding, do not make proof of their claims, or otherwise join in it." (23 Cyc. 1246; Pomeroy's Remedies, sec. 400; *Ex parte Howard,* 9 Wall. 175, [19 L. Ed. 634]; *Holderman* v. *Hood,* 70 Kan. 267, [78 Pac. 838].) It follows, therefore, that there is nothing to take the case out of the general rule that a judgment in an action *in personam* binds only the parties and their privies. Heitzeg occupied no such relation to the action of Jauchius against the irrigation district that the judgment rendered in that case could affect him in any way.

The other judgment relied on as an estoppel (No. 2329) was a proceeding instituted by the board of directors of the district pursuant to section 68 et seq. of the act for the organization of irrigation districts (Stats. 1897, p. 254) to obtain a confirmation of the proceedings for the formation of a district and the issuance of bonds. The action was commenced in 1890 and judgment confirming all the proceedings was entered in the same year. The record shows that eight years later several landowners in the district filed an answer denying the validity of the proceedings for the confirmation of the district and setting up certain irregularities in the proceedings for the issuance of the bonds. A second hearing seems to have been had and new findings and judgment filed and entered. The second judgment decrees that the Tulare Irrigation District was never validly organized and that its proceedings for the issuance of bonds are void. We may concede, as is contended by the appellant, that where a judgment-roll shows two judgments and the record is silent in reference to the reason therefor, "the later in point of time must be deemed the true and final judgment in the case." (*Galvin* v. *Palmer,* 134 Cal. 426, [66 Pac. 572]; *Paige* v. *Roeding,* 96 Cal. 389, [31 Pac. 264]; *Von Schmidt* v. *Von Schmidt,* 104 Cal. 547, [38 Pac. 361].) Even so, however, we think the judgment in question did not bind defendant as against the stipulated and admitted fact that the district had been, in good faith, exercising the powers and franchises of an irrigation district. The stipulation established for the purposes of the trial the fact that the irri-

gation district was during all the time material to this discussion a *de facto* corporation. As such its acts regularly performed were valid. (*Tulare Irr. Dist.* v. *Shepard*, 185 U. S. 1, [22 Sup. Ct. 531, 46 L. Ed. 773].)' The parties, having admitted the fact of the existence of the corporation, could not be permitted to contradict their admission by means of a judgment or otherwise. The stipulation entered into was binding upon the parties for the purposes of the action and it precluded any finding in opposition to the stipulated facts. Nor could the other element of the decree, namely, the declaration that the issue of bonds was void, in itself estop the defendant from relying upon his deed from the collector of the district. The proceedings for the issuance of the bonds were taken in 1890. The judgment in question was not rendered until 1898. In the interval the bonds may have passed into the hands of various *bona fide* holders. In the hands of such holders they would be valid and binding obligations of the district (*Baxter* v. *Vineland Irr. Dist.*, 136 Cal. 185, [68 Pac. 601]), and valid assessments might be levied to raise the annual interest on such bonds. The judgment in case No. 2329 that the bonds were invalid is therefore not inconsistent with the fact that such bonds might be enforceable obligations in the hands of *bona fide* holders. The decree in the confirmation proceedings could not affect the rights of such holders (*Tulare Irr. Dist.* v. *Shepard*, 185 U. S. 1, [22 Sup. Ct. 531, 46 L. Ed. 773].) The decree does not purport to question the validity of the proceedings (subsequent to the issue of the bonds) for levy and collection of the assessment, and there is no evidence in the case to overcome the *prima facie* showing (see section 48 of the Irrigation Act) of the regularity of such proceedings which follows from the recitals in the certificate of sale and the deed of the collector.

It follows from what we have said that the finding which was attacked on the motion for new trial, i. e., the one that the district had never been acting and transacting business as an irrigation district, was a finding of a material fact and that inasmuch as such finding was contrary to the admission of the parties the court below was warranted in granting the motion for a new trial.

The order appealed from is affirmed.

Shaw, J., and Angellotti, J., concurred.