[Civ. No. 3307. First Appellate District, Division One.—June 10, 1920.]

E. J. HENNING, Appellant, v. A. WUEST, Respondent.

[1] PROMISSORY NOTE—EXECUTION AS SECURITY—ACTION TO RECOVER ON—PAROL EVIDENCE.—In an action to recover on a promissory note executed by the defendant in favor of the plaintiff, parol evidence is admissible to show that the note was given to secure plaintiff against loss by reason of his having joined, as accommodation maker, in the execution of a certain other note; and if the latter note was paid or discharged and plaintiff suffered no loss or detriment, or if the liability of defendant was in any way affected by some act of plaintiff, the note of defendant was discharged and parol evidence is admissible to prove the facts.

[2] ID.—EXECUTION OF RENEWAL NOTE — STIPULATION OF PARTIES — ERRONEOUS FINDING OF PAYMENT.—In an action to recover on a promissory note, a stipulation of the parties that a certain promissory note was given "as a renewal on the amount remaining due" on a promissory note previously executed is binding upon the parties and precludes a finding that the latter note was paid in full and discharged by the former note and certain payments of cash on account of principal and interest.

[3] ID.—PAYMENT OF ORIGINAL NOTE—ERRONEOUS FINDING—REVERSIBLE ERROR.—In an action to recover on a promissory note given

to secure plaintiff against loss by reason of his having joined, as accommodation maker, in the execution of a certain other promissory note, the question as to whether the latter note was paid in full and discharged is a material issue, and a finding thereon, contrary to the stipulated fact, that it was paid in full and discharged constitutes reversible error.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Reversed.

The facts are stated in the opinion of the court.

W. H. Wylie and C. A. A. McGee for Appellant.

Wright & McKee for Respondent.

WASTE, P. J.—The plaintiff brought this action to recover the sum of $5,750, alleged to be due on a promissory note executed and delivered to him by the defendant and E. A. Edmonds. Judgment was entered for the defendant. Motions were made for a new trial, and for the entering of a different judgment, on the ground that the facts found were not sufficient to support the conclusions of law. Both motions were denied and the appeal is from the judgment.

The defendant interposed as a defense, and the court found, that on April 28, 1914, H. B. Tanner and John A. Watson, with the plaintiff as an accommodation maker, made and delivered a promissory note to the Marine National Bank of San Diego, payable sixty days after date, for the sum of $5,750; that thereupon, and on the same day, defendant and Edmonds executed and delivered to plaintiff, the note sued upon, also payable sixty days after date, to guarantee plaintiff against all liability by reason of his having joined, as accommodation maker, in the note of Tanner and Watson, to the bank; that the promissory note executed by Tanner and Watson to the Marine National Bank was paid in full and discharged by another note for the sum of $4,600, executed October 13, 1914, signed by Tanner and wife, Watson and wife, and plaintiff, payable ninety days after date, and certain payments of cash on account of principal and interest; that the defendant had no knowledge of the making of this last note; that he did not consent to the execution and delivery of the latter note as a renewal of the note of April 28, 1914; that the execution of the said renewal note altered

the- obligation of the defendant upon the guaranty to plaintiff and suspended and impaired his rights in respect thereto. It was further pleaded and found that no liability on the part of plaintiff to pay the note to the bank ever attached and that plaintiff never paid anything by reason thereof and suffered no loss or detriment by reason of being an accommodation maker thereon.

The appellant concedes in his brief that "if appellant paid no money, and suffered no loss on account of his accommodation making of the note to the bank, and respondent's contention as to the alleged agreement be true, then appellant should not recover." He complains, however, of the action of the lower court in admitting parol evidence to show the nature of the real agreement between plaintiff and defendant, and of the alleged alteration of the defendant's liability by the giving of the new note to the bank. He also contends that the findings are contradictory and not fortified by the evidence, and do not support the conclusions of law.

[1] The court did not err in admitting the parol evidence tending to prove that there was an agreement between the plaintiff and the defendant, by which the former agreed to, and did, sign the note to the bank with Tanner and Watson, in consideration of the defendant guaranteeing him against loss by reason of his so doing. The admission of such evidence did not violate the rule which forbids the introduction of parol evidence to contradict, or vary, a written contract. If the note, executed by the defendant, was given to secure plaintiff against loss, by reason of his so acting as an accommodation maker on the note to the bank, and the note was paid, and he suffered no loss or detriment, or if the liability of the defendant was in any way affected by some act of the plaintiff, the note of the defendant was discharged and parol evidence was admissible to prove the facts. (*Howard* v. *Stratton,* 64 Cal. 487, 488, [2 Pac. 263].) It was proper to show the circumstances under which the note was made, and if the facts were as claimed by the defendant, and found by the court, then defendant's parol contract was executed and the note paid and satisfied. (*Schultz* v. *Noble,* 77 Cal. 79, 81, [19 Pac. 182].)

There is ample evidence to support the lower court's finding that the note executed by Edmonds and defendant was

given to guarantee plaintiff against liability by reason of·the note executed, to the bank on April 28, 1914. **[2]** We are at a loss, however, to account for the finding that that note was paid, in full, by the note of October 13, 1914, and certain payments of cash on account of principal and interest. This finding accords with the allegation of the answer, but there is no evidence to that effect. On the contrary, the stipulated fact, elicited by counsel for the respondent, is that the note of October 13, 1914, "was given as a renewal on the amount remaining due on the note executed . . . the twenty-eighth day of April, 1914, for $5,750," or, as again stated, "a renewal ·note of this prior obligation." This stipulation was binding upon the parties and precluded any finding in opposition to the stipulated facts. If this finding was upon such a material issue as to be determinative of the action, inasmuch as it was contrary to the admission of the parties, the court below should have granted the motion for the new trial. (*Haese* v. *Heitzeg,* 159 Cal. 569, 574, 575, [114 Pac. 816] ; *Carpentier* v. *Small,* 35 Cal. 346, 354–359.)

**[3]** We think this finding was most material to the case. The respondent seeks to avoid liability on either of two grounds: First, that the appellant suffered no detriment because the obligation which rendered him liable was·fully paid and discharged; and, second, that if it was not so discharged the obligation was so altered and changed, without his consent, upon a renewal being had, as to release him from liability as a guarantor. The lower court has found, contrary to the stipulated fact, that the original obligation was paid, which is not so. It has made no finding that the note was ever renewed. It has found that the defendant had no knowledge of the making of the note of October 13, 1914, which fact was entirely immaterial if the old note was thereby paid, as found by the court. In view of the probability of a retrial of the action, we may remark, in passing, that this finding is contrary to the evidence addressed to the fact. It has further found that the defendant did not consent to any renewal of the note of April 28, 1914, to the Marine National Bank, nor to the making of the note of October 13, 1914, as a renewal of the former instrument. This finding is likewise utterly immaterial, in the absence of any finding that there was a renewal, either with or without the knowledge· and consent of the defendant, and

in the face of the contrary finding that the new note and the cash payments paid and discharged the old obligation.

The only support in the findings for the conclusions and judgment of the lower court rests upon the finding that the note of April 28, 1914, was paid and discharged, which is contrary to the stipulated facts. The motion for a new trial should have been granted.

The judgment is reversed.

Knight, J., *pro tem.*, and Richards, J., concurred.