[Civ. No. 2108. Third Appellate District.—December 13, 1920.]

## P. J. DURBIN et al., Respondents, v. C. D. HILLMAN, Appellant.

[1] PLEADING—ACTION ON CONTRACT—AUTHORITY OF AGENT—SCOPE OF DENIAL.—In an action to recover the purchase price of certain personal property at a price in excess of two hundred dollars, a denial by the defendant that the purported agent, through whom the actual purchase was effected, was in fact his agent necessarily implies a denial that he was such an agent as, in view of the provisions of section 2309 of the Civil Code, was clothed with authority to make the particular purchase.

[2] ID.—STATUTE OF FRAUDS—EVIDENCE—WAIVER OF OBJECTION—APPEAL.—In such an action, the defendant loses the right to object for the first time on appeal that the contract of authorization was invalid because it was not reduced to writing, where he does not on the trial object to the admission of oral evidence to prove

the authority of the agent, nor make any suggestion that he desires or intends to rely upon a want of written authority.

[3] NEW TRIAL — EXISTENCE OF EVIDENCE — FORGETFULNESS NO EXCUSE.—Mere forgetfulness that the evidence existed without any showing that tends to excuse the forgetfulness does not entitle a party to a new trial on the ground of newly discovered evidence.

[4] JUDGMENTS—INTEREST—EXCESSIVE AWARD—MODIFICATION ON APPEAL.—Where the jury awards one year's interest in excess of the proper amount, the appellate court may direct the proper modification of the judgment.

[5] ID.—PLEADING—PRAYER—CONTESTED CASE—RELIEF AUTHORIZED.— In a contested case, interest may be awarded, if the plaintiff is entitled thereto, notwithstanding the complaint contains no prayer for interest.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter H. Robinson for Appellant.

Carnahan & Clark and Claud B. Andrews for Respondents.

PREWETT, P. J., *pro tem.*—The defendant brings this appeal from a judgment rendered against him for the purchase price of personal property at a price in excess of two hundred dollars. The contract was in writing and the actual purchase was effected through the medium of an agent. The authority of this agent was wholly oral. The defendant did not accept any part of the purchased property nor pay any part of the purchase price. He repudiates the sale and disclaims any authority in the agent to represent him. At no time until the hearing on this appeal has he based his action upon the absence of a writing. Every issue in the case has been resolved against the defendant by stipulation of the parties, save that of agency. The attorney for the defendant stated the stipulation as follows: "I would like to state that it is purely a question of agency. That seems to be the only issue in the case."

---

3. Forgotten facts as constituting newly discovered evidence, note, 17 Ann. Cas. 317.

The evidence in support of the sale and of the agency was abundantly sufficient to support the verdict if such evidence was competent for that purpose. It was all oral, but it was received without objection. The defendant chose to waive all other defenses and to rest his entire defense upon the single one as to the agency of the party purporting to represent him, waiving even, as we shall see further along, the defense that the authority of the agent was oral. It is not controverted that the authority of an agent to enter into a contract required by law to be in writing must itself be reduced to writing. (Sec. 2309, Civ. Code.) Although the only question reserved for the jury was the question of "agency," still we are inclined to hold that this limitation does not withdraw from the jury the issue as to the potency of the oral authorization to the agent. [1] A denial by the defendant that the purported agent was in fact his agent necessarily implies a denial that he was such an agent, as, in view of the provisions of said section, was clothed with authority to make the particular purchase.

[2] The actual authority itself being derived from the very words which are relied upon to constitute the agency, that agency is valid only in proportion as the authority itself is valid. A person cannot be an agent to do nothing. But no objection was interposed to this oral evidence, nor is there in the entire record any suggestion on the part of the defendant that he desired or intended to rely upon a want of written authority. By his silence he waived this point. There appears to be nothing unlawful, immoral or against public policy in such a waiver. There are certain classes of transactions which are at once void if certain formalities are not observed. (Sec. 1091, Civ. Code.) A void contract is a nullity—of no effect. It cannot be ratified and any attempted ratification must in itself be the equivalent of an original contract. But those contracts that come under the provisions of the statute of frauds, other than those relating to transfers of interests or estates in real property, are only "invalid." We are not called upon to attempt to define the very difficult word "invalid," as used in section 1624 of the Civil Code, but it is sufficient for our purpose to say that it describes a condition that falls short of being void. Such contracts may be ratified and it is held that the benefit of the statute may be waived.

In *Sweetland* v. *Shattuck,* 66 Cal. 31, [4 Pac. 885], Mr. Justice Ross, speaking for the court, says: "Assuming that the agreement upon which the plaintiff relied for a recovery was required to be evidenced by a writing, the plaintiff was permitted in the court below to give proof of the agreement without objection that it was not in writing. Such objection cannot be made here for the first time." And from *Schultz* v. *Noble,* 77 Cal. 79, [19 Pac. 182], we quote the following extract: "It has been held, where an action was brought to enforce a contract required by the statute of frauds to be in writing, and parol proof of the contract was admitted without objection, that the contracting party could not have the proofs stricken out because it subsequently appeared that the contract was only a verbal one." And quoting from another case in the same volume: "Conceding now that the contract declared on was void by reason of the statute of frauds, because it was verbal, still, as no objection was made by the plaintiff when the evidence was offered, it must be held. that the right to invoke the statute of frauds was waived by the appellant, and it cannot now be invoked as a reason why the judgment should be reversed or a new trial granted." (*Nunez* v. *Morgan,* 77 Cal. 433, [19 Pac. 755].) "But the statute of frauds was . . . undoubtedly intended to establish mere rules of evidence, etc. . . . In other words, the original object of the statute was unquestionably to lay down in express terms certain rules by which, only, certain contracts in themselves perfectly legal and valid, could be proved. The provisions of the statute affected only the remedy—that is, in effect, deprived the party seeking to enforce the contract coming within its purview of his right of action if such contract were not in writing." (*In re Balfour & Garrette,* 14 Cal. App. 261, [111 Pac. 615].) In this case a rehearing before the supreme court was denied. Its doctrines are peculiarly applicable to the instant case. Section 1973 of the Code of Civil Procedure does not render the contracts to which it relates *ab initio* void, and it reaches only the method of establishing the contract. This being so, the defendant lost all right to object for the first time on appeal that the contract of authorization was invalid because it was not reduced to writing. Our attention has been directed to no California case that questions the principle laid down

by the foregoing authorities. We could add a number of cases not cited, all pointing to the same conclusion. It is true that in *Feeney* v. *Howard*, 79 Cal. 525, quoting from page 535, [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984], the commissioner states: "A parol contract within such statute is void." If void, of course no measure or kind of proof could sustain or vivify it. But that case is not in conflict with the foregoing. The commissioner had before him a case involving estates in real property, and as applied to such estates his observation just quoted is true. Moreover, he was not considering the subject of the statute of frauds as to the general classes arising under section 1624 and section 1973, *supra*. No more is the more recent case of *Gard* v. *Ramos*, 23 Cal. App. 303, [138 Pac. 108], an authority to the contrary. The court in that case, it is true, did hold that the party did not waive the statute of frauds by failure to object to oral evidence of the terms of the contract. But in that case the oral evidence was offered *as a part* of a chain of proofs to show that the defendant had accepted delivery of part of the goods. The oral evidence was perfectly proper for that purpose and it would have been inconsistent and unlawful for the court to have excluded it. As soon as it was seen that the proofs of delivery fell short, the defendant raised the point and was sustained by the trial court. In the case before us the learned trial judge must have held a view in harmony with the quoted cases, since he denied a motion for a new trial.

The motion for a new trial was properly denied. The affidavits do not show any newly discovered evidence. [3] Mere forgetfulness that the evidence existed without any showing that tends to excuse the forgetfulness does not entitle a party to a new trial. (*Converse* v. *Ferguson*, 166 Cal. 1, [134 Pac. 977].)

The claim urged that the agent purchased the property in his own name is unimportant. It is true that this was in violation of the terms of section 2322 of the Civil Code, but the agent is not disputing the validity of the sale and the defendant did not raise the point in the court below. He did not at the time of purchase or at any time afterward repudiate the sale upon that ground. Beyond all this, the point is covered by the terms of the stipulation.

[4] The jury awarded just one year's interest in excess of the proper amount. This court may direct the proper modification of the judgment. (*Smith* v. *Johnson*, 23 Cal. 65; *Kerry* v. *Pacific Marine Co.*, 121 Cal. 564, [66 Am. St. Rep. 65, 54 Pac. 89].) [5] The complaint contains no prayer for interest. This, however, is unnecessary in a contested case. Any relief may be granted that is within the issues. (*Lane* v. *Gluckauf*, 28 Cal. 288, [87 Am. Dec. 121], and a long line of following cases.)

The judgment is modified by deducting therefrom the interest for one full year, to wit, $142, and, as thus modified, the judgment is affirmed, the respondents to recover costs.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1921.

All the Justices concurred.