[Civ. No. 3622.   First Appellate District, Division One.—December 13, 1920.]

## B. J. HOWDERSHELL, Respondent, v. NORMA HOWDERSHELL, Appellant.

[1] DIVORCE—SEPARATION AGREEMENT—CONSTRUCTION OF—VOLUNTARY SEPARATION—FINDING—EVIDENCE.—In this action for divorce on the ground of desertion, the evidence was sufficient to support the finding of the trial court that a certain written agreement entered into between plaintiff and defendant, and which defendant contended evidenced a voluntary separation, "was not intended as an agreement between the plaintiff and defendant to live separate and apart, but was intended to recognize the fact that plaintiff and defendant were then living separate and apart by reason of the defendant's refusal to live with said plaintiff, and was for the purpose of providing a property settlement between the plaintiff and defendant and to assure maintenance and support for said defendant." (On petition for hearing in supreme court, approval withheld.)

[2] ID.—REFUSAL TO RESUME MARRIAGE RELATION—DESERTION — EVIDENCE—FINDING—JUDGMENT.—In said action for divorce on the ground of desertion, the evidence was sufficient to support the finding of the trial court that the next day after the execution of said agreement "the said plaintiff requested the said defendant to resume marriage relation with him and to thereafter live with him, but the said defendant refused so to do, and ever since has continued to live separate and apart from the plaintiff and to desert and abandon him," and this finding was sufficient to support the judgment in plaintiff's favor.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John M. York, Judge.   Affirmed.

The facts are stated in the opinion of the court.

William Ellis Lady for Appellant.

Milton K. Young for Respondent.

RICHARDS, J.—This is an appeal by the defendant from a judgment of divorce in plaintiff's behalf on the ground of desertion. The sole contention of the appellant herein is that the evidence in the case shows that the separation

between the parties, upon which the plaintiff's claim of desertion on the part of the defendant is based, was a voluntary separation occurring as the result of an agreement in writing between the parties for such separation and for a settlement of their property rights. Defendant claimed at the trial and contends upon this appeal that, under section 99 of the Civil Code, "separation by consent with or without the understanding that one or the other party will apply for a divorce is not desertion." The difficulty with the defendant's contention in that regard does not arise out of the section of the code above cited, but arises out of its application to the facts of the case at bar. These facts as found by the court and as fully supported by the evidence are briefly these:

The parties to this action intermarried in the year 1904, and lived together as husband and wife until some time in the month of April, 1917, at which time they were residing in the city of Los Angeles. For some time prior to the latter date their marital relations had been inharmonious to an extent which seemed to render their separation imminent and inevitable. On or about April 22, 1917, a meeting was held between the plaintiff and defendant and two friends of theirs, a Mr. and Mrs. Hamilton, with a view to attempting to bring about a reconciliation. After considerable discussion the effort of these friends to effect a reconciliation proved unsuccessful, and the plaintiff left his home where the interview occurred and went to his office in another part of the city, to which shortly thereafter the defendant sent Mr. Hamilton with a message, stating that she did not wish to see the plaintiff any more and directing him not to return to their home. Plaintiff, however, returned to the home, but only for the purpose of removing his effects to a rear bedroom therein, which he occupied for a short while thereafter but with no intercourse with the defendant. A few days later, at the defendant's request, the plaintiff prepared and presented to the defendant the written agreement for a division of their property upon which the defendant herein relies as showing a separation by consent. The trial court embodied this writing in its findings, but in connection therewith expressly found that said writing was entered into after the defendant's desertion of the plaintiff had been accomplished by her re-

fusal to be reconciled to him and by her direction that he remain away from the home. [1] The written agreement between the parties, while it recites the existence of conditions which render it impossible for the parties to longer live together in the relation of husband and wife, does not purport otherwise to be an agreement to separate or, in other words, to amount to a separation by consent, but does purport to amount to nothing more than a property arrangement predicated upon an already existing separation. The finding of the court in that respect is "That said agreement was not intended as an agreement between the plaintiff and defendant to live separate and apart, but was intended to recognize the fact that plaintiff and defendant were then living separate and apart by reason of the defendant's refusal to live with said plaintiff, and was for the purpose of providing a property settlement between the plaintiff and defendant and to assure maintenance and support for said defendant." [2] The court further makes this suggestive finding, namely: "That the next day after the execution of said agreement, to wit, on April 29, 1917, the said plaintiff requested the said defendant to resume the marriage relation with him and to thereafter live with him, but the said defendant refused so to do, and ever since has continued to live separate and apart from the plaintiff and to desert and abandon him." The evidence fully sustains these findings of fact, and the findings amply support the judgment in plaintiff's favor rendered and entered herein.

It may be noted that the defendant, while relying solely upon her contention that the evidence showed a separation by consent, has never either in her pleadings or proofs offered to return to plaintiff or to resume their marital relations.

We find no merit in the appellant's contention, and the judgment is affirmed.

Kerrigan, J., and Seawell, P. J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1921, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, we desire to say that our denial is not to be taken as an approval of the portion of the opinion of the district court of appeal dealing with the question of the character of the written agreement referred to therein, and the finding of the trial court that the same was not intended as an agreement between the plaintiff and defendant to live separate and apart. We base our denial of the petition for hearing in this court upon what is said in the opinion with relation to the finding of the trial court to the effect that after the execution of the agreement the plaintiff requested the defendant to resume the marriage relation with him and that the defendant refused this request and has ever since continued to live separate and apart from him. This finding does not appear to be attacked, and sufficiently disposes of the case.

All the Justices concurred.