[Civ. No. 9247. First Appellate District, Division Two.—June 14, 1934.]

EDWIN V. HAVERTY, Respondent, v. C. A. HARTWELL, Appellant.

Bronson, Bronson & Slaven for Appellant.

Irving Phillip Barnett and Samuel P. Vartan for Respondent.

NOURSE, P. J.—In a trial before a jury the plaintiff obtained a verdict against the defendant Hartwell in which the jury specified $1100 as special damages and $3,900 as general damages. The injuries to plaintiff arose out of a motor vehicle collision and on the trial the defendant Hartwell admitted liability arising out of his negligence which caused the injuries.

In his appeal from the judgment the point raised is the misconduct of counsel for the plaintiff in his address to the jury when he stated: "You have been reading in the paper in the last few days about what some people have been getting where they have had brain injuries without objective symptoms." Appellant argues that counsel must have had in mind a particular case in which a jury had a short time before returned a verdict for fifty thousand dollars in a case where the plaintiff had suffered

injuries to her brain. It is then said that, inasmuch as this case involved injuries to plaintiff's brain, the statement must have influenced the verdict.

Respondent makes sufficient answer that, the negligence being admitted, the only real issue was the amount of the verdict, and, since appellant does not claim that the verdict is excessive, he has failed to show prejudicial error. Respondent then points to the evidence showing the extent of his injuries and affirmatively asserts that the verdict is not excessive. Similar questions have arisen in cases involving misconduct of counsel in referring to the fact that the liability of the defendant is covered by insurance. In reviewing those cases the courts have held that, where the verdict is not excessive and the question of defendant's liability is not close, the misconduct will not be deemed prejudicial. (*Eldridge* v. *Clark & Henery Const. Co.*, 75 Cal. App. 516, 532 [243 Pac. 43]; *Coursault* v. *Schwebel*, 118 Cal. App. 259, 265 [5 Pac. (2d) 77]; *Crabbe* v. *Rhoades*, 101 Cal. App. 503, 513 [282 Pac. 10]; *Lahti* v. *McMenamin*, 204 Cal. 415, 422 [268 Pac. 644].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.