[Civ. No. 2440. Fourth Appellate District.—October 7, 1940.]

HAROLD BAKER et al., Respondents, v. ROSENDO RODRIGUEZ et al., Appellants.

Stephen Tighe and N. D. Meyer for Appellants.

James L. Davis for Respondents.

GRIFFIN, J.—Plaintiffs and respondents brought this action to recover for personal injuries and property damage resulting from an automobile accident which happened in the city of Fullerton about 6:45 in the evening of February 24, 1939, when a passenger car driven by the respondent Harold Baker, in which the other respondents were riding, was in collision with an automobile truck driven by the appellant Socorro Gonzales, which truck was owned by the other appellant, Rosendo Rodriguez, who was not present when the accident occurred.

Upon the trial of the action before a jury, a verdict and judgment were rendered against the appellants for $5,000 in favor of respondents Harold Baker and Alberta Baker, and for $50 in favor of respondent Marion Baker. Appellants appeal from the judgment and order denying the motion for new trial.

Respondents were riding northerly on South Spadra street in the second lane of traffic from the center, on their right-hand side of a six-lane highway. Appellant truck driver was traveling southerly in the first lane from the center of the street. He suddenly turned to his left into the pathway of respondents' car to enter a filling station located near the corner of the intersection which respondents had just passed.

The evidence is conflicting as to whether the driver of the truck gave a signal indicating his intention to turn. Glass was driven into the face and right eye of Alberta Baker. The eye-ball was "cut through", the pupil was severed and part of it is now gone. Eighty per cent of the vision of the right eye was destroyed. She was 22 years of age at the time.

Appellants contend, as grounds for a reversal of the judgment, that (1) the evidence on negligence was so closely balanced that in the absence of prejudicial matter either plaintiff or defendant might have prevailed; (2) the inadmissible testimony of plaintiffs' witness Thoele indicating defendants had insurance coverage was so prejudicial the error could not have been cured by an order to strike it or an instruction to disregard it; (3) the circumstances under which this prejudicial matter was produced were such that the judgment is not saved by section 4½ of article VI of the Constitution.

Appellants do not urge that the amount of damages awarded was excessive in proportion to the injuries sustained. In support of the first claim it is argued that the evidence clearly discloses the fact that the jury indicated a desire to exonerate appellant driver and still award damages to respondents by reason of the fact that there was certain confusion in reference to the return of certain verdicts by the jury, and that when this was considered in connection with certain statements made by one of the witnesses for respondents it was strong evidence of the fact that the jury was informed that the owner of the truck was insured. The confusion existing in the minds of the jurors in reference to the various forms of the verdicts submitted becomes quite apparent upon an examination of the record and clarifies and explains the conduct of the jury in reference thereto, and becomes of value in dispelling appellants' contention.

Separate forms of verdicts were submitted to the jury bearing upon the liability and damages. One was submitted in favor of Harold and Alberta Baker against the defendant Rosendo Rodriguez only, and a space was left to provide for the amount of damages to be awarded. Another was submitted in the same form against the defendant Socorro Gonzales. No form of verdict was submitted in their cause of action finding in favor of Harold Baker and Alberta Baker against both of the defendants jointly. As to the other

plaintiff, the court did submit a verdict against both defendants jointly and the jury used that form. The following excerpt from the record clearly accounts for the form of the verdicts as returned: "We the jury find in favor of Marion Baker and against the defendants Rosendo Rodriguez and Socorro Gonzales for the sum of $50." Another verdict was rendered in favor of plaintiffs Harold Baker and Alberta Baker against the defendant Rosendo Rodriguez in the sum of $5,000. The court thereupon ordered the jury to return and make a finding as to the other defendant Socorro Gonzales. Thereafter the jury returned a verdict in favor of plaintiffs Harold Baker and Alberta Baker against the defendant Socorro Gonzales in the sum of $1. The following colloquy then took place:

"The Court: As a matter of law that verdict cannot be rendered. The Foreman: We didn't have such instruction. The Court: Will it be stipulated the court state the law as to what may be done in a case of this kind? Mr. Tighe: Yes, Your Honor. . . . The Court: . . . Mr. Rodriguez is the owner of the truck, and his liability is limited to the liability of the driver. . . . The (Jury) Foreman: If we should place $5000 against the driver, which we found against the owner of the truck, would that necessarily mean that we were awarding $10,000? The Court: It would not, as a matter of law. The Foreman: We were confused by that and not having a legally trained mind we didn't know. . . . We were discussing that and we were undecided and were of the consensus of opinion that $1 would cover it and that is why we put it that way."

We do not believe the facts related support appellants' argument in this respect.

The main complaint of appellants, so earnestly stressed, involved certain statements made by a witness for respondents in reply to questions propounded. The witness, Mr. Thoele, who was traveling immediately behind the truck driver, and who testified that the truck driver gave no signal of his intended turn, and that he never spoke to the truck driver after the accident, was examined in chief by respondents' counsel, and after the usual introductory questions the following occurred:

"Q. (By Mr. Davis): Which way was the truck traveling just prior to the time of the accident? A. Due south. . . .

Q. Did you later learn who was driving the truck? A. Yes, sir. Q. And how was that secured? A. The adjuster from the Maryland Casualty people told me it was a man by the name of Gonzales.''

No motion was made to strike the answer, nor further objections made at the time. Appellants on a motion for new trial first objected to this particular answer and assigned it as improper, as indicating to the jury that the appellants were insured. The excuse for failure to make such assignment at the time was given as failure of both counsel for appellants to hear the answer given at the time.

Subsequently, on cross-examination, counsel for appellants brought out the following answer from the witness:

''Q. Did you measure it (distance between cars)? A. Yes, sir, I did. Q. How did you measure it? A. Your adjuster came down and we measured it together.'' Mr. Tighe moved that the answer be stricken and it was stricken. ''Q. What means did you use to measure it? . . . A. Your adjuster stepped it off and I observed him as he stepped it and I counted the steps.''

No motion was made to strike the answer to the last question. It is therefore contended that by reason of this line of examination it was suggested to the jury that the appellants were indemnified against any judgment for damages against them, and was highly prejudicial to their rights, especially in view of the fact that it was a closely balanced case, citing *Schellenberg* v. *Southern California Music Co.*, 139 Cal. App. 777 [35 Pac. (2d) 156]; *Rising* v. *Veatch*, 117 Cal. App. 404 [3 Pac. (2d) 1023]; *Citti* v. *Bava*, 204 Cal. 136 [266 Pac. 954]; *Sischo* v. *City of Los Banos*, 26 Cal. App. (2d) 642 [80 Pac. (2d) 116, 1020], and *Nichols* v. *Smith*, 136 Cal. App. 272 [28 Pac. (2d) 693].

We have read the record presented and believe the quoted statement made by the trial judge in denying the motion for new trial to be reasonable. ''This court is of the opinion that considering the case as a whole the jury was very justified in returning a verdict for the plaintiff, and further that the verdict as returned was not disproportionate to the damages sustained. This court feels that it would be doing a grave injustice if the motion for a new trial was granted.'' From this statement it is immediately apparent that the evidence on negligence in the instant case was not so closely

balanced that in the absence of a showing of misconduct either party might have prevailed. To bring it within the rule of the cited cases this fact appears to be an essential element.

In *Haverty* v. *Hartwell,* 139 Cal. App. 265 [33 Pac. (2d) 883], the court said: "Similar questions have arisen in cases involving misconduct of counsel in referring to the fact that the liability of the defendant is covered by insurance. In reviewing those cases the courts have held that, where the verdict is not excessive and the question of defendant's liability is not close, the misconduct will not be deemed prejudicial." In view of the fact that no motion was made to strike the answers complained of, with the one exception, the fact that the answer to two of the questions was elicited by counsel for appellants, and in view of the conclusion reached as to the convincing evidence of appellant Socorro Gonzales' negligence and the admitted fact that the judgment is not excessive, we are impelled to hold that the reference to the adjuster, even if we assume it to be misconduct, was not so prejudicial as to justify a reversal. (*Packard* v. *Moore,* 9 Cal. (2d) 571 [71 Pac. (2d) 922]; *Weis* v. *Davis,* 28 Cal. App. (2d) 240 [82 Pac. (2d) 487]; *Toomes* v. *Nunes,* 24 Cal. App. (2d) 395 [75 Pac. (2d) 94]; *Moniz* v. *Bettencourt,* 24 Cal. App. (2d) 718 [76 Pac. (2d) 535]; *Nagamatsu* v. *Roher,* 10 Cal. App. (2d) 752 [53 Pac. (2d) 174]; *Hughes* v. *Quackenbush,* 1 Cal. App. (2d) 349 [37 Pac. (2d) 99]; *McKay* v. *Hedger,* 139 Cal. App. 266 [34 Pac. (2d) 221]; *Moffit* v. *Ford Motor Co.,* 135 Cal. App. 7 [26 Pac. (2d) 661]; *Hodge* v. *Weinstock, Lubin & Co.,* 109 Cal. App. 393 [293 Pac. 80].) The cases cited by appellants are clearly distinguishable.

No appeal lies from an order denying a motion for new trial. (*Tucker* v. *Beneke,* 180 Cal. 588 [182 Pac. 299].) The attempted appeal therefrom is therefore dismissed.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.