[Civ. No. 2680.  First Appellate District, Division One.—November 10, 1919.]

RAY GOWER, Respondent, v. A. A. BERTRAND et al., Appellants.

[1] SALES—SALE OF SEEDS BY GROWER FOR ACCOUNT OF MORTGAGEE—ACTION FOR PURCHASE PRICE—EVIDENCE—FINDING.—In this action to recover the purchase price of a quantity of seeds which the lessee of certain land had agreed in writing to grow and sell to defendants at a given price but which, after the execution of such contract, he had mortgaged to plaintiff as security for the payment of an indebtedness, the seeds, after being grown, having, with the consent of plaintiff, been shipped to defendants in fulfillment of their contract, the trial court properly concluded from the evidence that the sale was made by the lessee for the account of plaintiff.

[2] ID.—NOTICE TO PURCHASER OF OWNERSHIP—SUBSEQUENT ADVANCES TO GROWER—REIMBURSEMENT.—Where at the time such seeds were delivered to defendants they were notified that the seeds were the property of plaintiff and thereafter they made further advances to the grower, they were not entitled to reimburse themselves from the proceeds of the property.

[3] STATUTE OF FRAUDS—FAILURE TO PLEAD—WAIVER.—Where the statute of frauds is not pleaded nor the question raised in the trial court, such matter cannot be considered on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hugh K. McKevitt and W. H. Hyatt for Appellants.

Cooley & Lachmund and David L. Levy for Respondent.

RICHARDS, J.—One Yagi, a Japanese, entered into a contract with the defendants by which he agreed to grow a quantity of seeds, and to sell them to the defendants at a given price.  This contract was in writing.  Shortly thereafter Yagi, who had a lease of certain land of the plaintiff, upon which he contemplated growing said seeds and other crops, mortgaged to plaintiff the crop of seeds, etc., to be

produced, as security for the payment of an indebtedness. By said mortgage Yagi undertook to harvest said crop and deliver it to the plaintiff, the mortgagee, in default of which the latter was empowered to take possession of it, dispose of it, and apply the proceeds in settlement of Yagi's indebtedness to him. This mortgage was recorded in the county in which the land was situated. In due time Yagi produced the crop and harvested it. The indebtedness to the plaintiff was not paid, and having been apprised by Yagi of the contract between him and the defendants for the sale of the seeds, the plaintiff consented to their shipment by Yagi to the defendants in fulfillment of the contract. This being done, the plaintiff demanded of defendants payment for the seeds, which, not being forthcoming, he brought this action.

At the conclusion of the introduction of evidence the plaintiff was permitted to file an amended complaint to conform to the proofs introduced, which complaint declared upon a sale of the seeds by plaintiff to the defendants through Yagi as plaintiff's agent. The trial court found in favor of plaintiff, allowing defendants, however, to set off against the price of the seeds all amounts due them from Yagi up to the time of the filing of the complaint, the court regarding such filing as notice to the defendants that the sale was by the plaintiff and not by Yagi on his own account. This left due from Yagi to the defendants certain advances made by them after such notice and which they would be entitled to deduct from the price of the seeds if Yagi was in fact the owner thereof, and the sale is to be regarded as one made by him on his own account.

[1] The main question in the case is whether the evidence supports the conclusion of the trial court that the sale must be regarded as one made by Yagi for the account of the plaintiff, the appellant contending that the evidence is insufficient to support this conclusion.

A careful consideration of the evidence convinces us that this finding of the trial court should stand. Certain facts are shown in the evidence fully warranting the court's conclusion. They may be briefly referred to. In the first place, plaintiff's mortgage imposed upon Yagi the obligation to deliver to him the crop. Whether it was actually so delivered prior to its shipment to the defendants or not it is certain

that the plaintiff testified that it was in his possession, and that he authorized Yagi to ship it to the defendants in fulfillment of the contract previously entered into by Yagi with them. The crop being shipped to the defendants under this authorization, Yagi in writing notified them that the seeds were the property of the plaintiff, and that the money due therefor should be paid to him. Up to the time of this notification the defendants might well have supposed that the seeds were shipped to them by Yagi on his own account and in fulfillment of their contract with him, and in calculating the amount due to the plaintiff the court allowed the defendant to deduct all sums due from Yagi to them up to the time of such notification, such sums consisting of advances made by them upon the strength of their contract for the purchase of the seeds. [2] The amount for which the court awarded judgment to the plaintiff was the balance left after these deductions were made and against which the defendants vainly sought to offset advances made to Yagi after they were notified both orally and in writing of the interest of the plaintiff in the property affected. If, thereafter, they made further advances to Yagi, they cannot equitably demand that they be permitted to reimburse themselves from the proceeds of property which, according to the evidence above narrated, belonged to the plaintiff.

The appellants also contend that even accepting the trial court's conclusion that the evidence sustains a sale by the plaintiff to the defendants through Yagi as an undisclosed agent, nevertheless it erred in not allowing to them a further sum of three hundred dollars. Among the items claimed by defendants was a note for the sum of five hundred dollars, executed prior to the time of the sale of the seeds, and upon which, according to their contention, nothing had been paid. Upon this item the court allowed only two hundred dollars, basing its finding in this regard upon admissions of the defendants that only that amount was due. We think there was sufficient evidence to warrant this conclusion, and we cannot, therefore, interfere with it.

[3] The appellants in their closing brief raise for the first time the question of the effect of the statute of frauds on the verbal ratification by plaintiff of a contract required to

be in writing—referring to the contract for the sale of the seeds, the value of which considerably exceeded fifty dollars.

We think there are two answers to this last point, viz., that the statute was not pleaded nor the question raised in the trial court, nor, indeed, until the closing brief of the appellants, and, second, the ratification of the sale is by the judgment only given effect as of the date of the filing of the complaint, at which time the seeds had been delivered, thus we think eliminating the statute both as to the sale and the verbal ratification thereof.

For the reasons given the judgment is affirmed.

Waste, P. J., and Bardin, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 8, 1920.

All the Justices concurred.