[Civ. No. 3891.  Third Appellate District.—October 14, 1929.]

ED WESTBERG, Respondent, v. R. E. WHITTIKEN et al., Appellants.

Glen Behymer for Appellants.

John F. Poole for Respondent.

PLUMMER, J.—The plaintiff had judgment against R. E. Whittiken and Mayme B. Whittiken, his wife, for the sum of $985.75, and also for the foreclosure of a mechanic's lien on certain property described in the complaint. From this judgment said defendants appeal.

The action was originally begun for the collection of $1750 and the enforcement of a lien to secure the payment thereof, on account of work and labor performed by the plaintiff in furnishing plastering material and plastering a certain residence constructed by R. E. Whittiken and Mayme B. Whittiken, his wife. After the beginning of the action the sum of $729.25 was paid on said account. The record shows that the defendants Whittiken constructed a certain residence by day labor; that no contract for the erection of the building was ever entered into by the defendants with anyone. The record further shows that at about the time of the beginning of the erection of the building referred to, the defendants Whittiken employed A. B. Maescher and V. E. Maescher, doing business as DeLuxe Building Company, as their agents, to take charge of the construction, and manage the construction of the building referred to. The complaint alleges that after entering upon the construction of the building A. B. Maescher and V. E. Maescher, doing business as DeLuxe Building Company, as agents of the owner of the described premises, entered into an agreement with plaintiff whereby the plaintiff was to furnish certain materials and labor necessary to do the interior and exterior plastering required for the construction of the building, etc. This allegation of agency is not denied in the answer, and, therefore, stands admitted. The evidence, however, is in accordance with the allegations of the complaint. The court found that the DeLuxe Building Company was acting as agent of the owner of the property, and was acting as the superintendent of the construction of the building; that the building was being constructed by day labor, and no contract was entered into between the owner and the DeLuxe Building Company for the construction of the building. In other words, there was no contrac-

tor, but the DeLuxe Building Company was acting as the agent and superintendent of the owner of the property. Upon the completion of the work by the plaintiff, the plaintiff made out and delivered to the DeLuxe Building Company a statement thereof, showing the amount due in the sum of $1750. The DeLuxe Building Company thereupon executed and delivered to the plaintiff certain trade acceptances for the amount thereof, and at the same time the plaintiff indorsed on the account the word "paid." The account is in the following words:

"Los Angeles, Cal., Aug. 4, 1923.

"Sold to DeLuxe Bldg. Co.,

"Union League Bldg.,

"Job Address: Whittiken, 619 Friend, Whittier.

"To plastering as per contract..............$1715.00

"(Rubber stamp): Entered A. B. M.

"Paid Aug. 8/23. Ed Westberg.

"(Rubber stamp): Checked. O. K.

"Acct: Whittiken."

The trade acceptances not being honored, the plaintiff filed a lien as provided by the codes, and brought this action for foreclosure. The DeLuxe Building Company went into insolvency, and only the sum of $729.25 was ever paid on account of the trade acceptances.

The first point urged by the appellants is that "the evidence is insufficient to sustain the findings contained in the third and fourth lines of the third paragraph of the complaint, to the effect that the DeLuxe Building Company, as the agent of the owner, entered into the agreement with the plaintiff. The evidence clearly showed that the contract was made between the plaintiff and the DeLuxe Building Company, the credit being extended by the plaintiff to the DeLuxe Building Company and not to the defendant owner." This statement entirely ignores the fact that the complaint alleges the agency, and that the agency was not denied by the answer of the defendants. All that the answer does deny is that the DeLuxe Building Company entered into an agreement with the plaintiff for the furnishing of the materials and performance of the work as alleged by the plaintiff, There being no denial of the agency, it was unnecessary to introduce any proof, though there is some testimony in the record supporting the allegation of

agency and the fact that the DeLuxe Building Company was simply acting as agent. Furthermore, the record shows that a stipulation was entered into during the course of the trial showing that the building was constructed by day's labor; that the owner, about the twenty-second day of May, 1923, began, by day labor, the erection and construction of the building involved in this action.

The next contention of the appellants is to the effect that the taking of the trade acceptances issued by the De-Luxe Building Company constituted a payment. All there is in the record upon which this argument can be based is the simple indorsement of the word "paid" appearing upon the account rendered for the materials furnished and labor performed. There does not appear to have been any agreement or understanding that the trade acceptances in and of themselves should constitute payment. Under such circumstances the general rule relating to payments as set forth in 48. C. J., page 610, prevails. The rule is there stated as follows: "The rule obtaining in most jurisdictions is that, in the absence of agreement or consent to receive it, as such, a draft or bill of exchange, although accepted by the drawee, or a promissory note of the debtor, or his acceptance of a draft or bill of exchange drawn upon him does not, in itself, constitute payment or amount to a discharge of the debt, although it may postpone the right of action thereon until the maturity of the paper, but if such paper, delivered to a creditor, is thereafter honored or paid, the debt is discharged *pro tanto* as of the date of such collection or payment, and accordingly a bill or note is often designated *prima facie* or conditional payment." The authorities supporting this statement of the law cited in Corpus Juris, *supra*, are simply legion. The rule is stated in different language, but to the same effect, in 20 California Jurisprudence, page 920: "The giving of a note or check of a debtor or a third party for the amount of a debt does not constitute payment unless there is an agreement between the parties that it shall be so accepted. The rule is based upon the obvious ground that nothing is to be considered as payment in fact but that which is in truth such unless something else is expressly agreed to be received in its place." It is further there stated that if the note or check is not paid, action may be had upon the original debt. And as

further stated in the same volume, pages 925 and 926, the marking of the account as paid does not prevent the court inquiring into and ascertaining the true facts, and if the checks or notes or bills of exchange are dishonored, the indorsement of the word "paid" on the original statement of account is immaterial. The following cases show that the rule announced in Corpus Juris and California Jurisprudence is followed in the state of California: *Ellison* v. *Henion*, 183 Cal. 171 [11 A. L. R. 444, 190 Pac. 793]; *South S. F. Packing etc. Co.* v. *Jacobsen*, 183 Cal. 131 [190 Pac. 628]. Other cases might be cited, but the two California cases just referred to take up and consider very fully the law as to what does and does not constitute payment. ■

The fact that the DeLuxe Building Company was acting as the agent or superintendent of the owner of the property rendered the owner liable personally for all the materials furnished by the plaintiff and used in the construction of the building belonging to the owner, and also the costs and expenses of the labor performed in and upon the building. The fact that the plaintiff entered upon his books an account against the DeLuxe Building Company on the Whittiken job does not relieve the owner from liability to pay for the materials furnished and work and labor performed by the plaintiff.

■ The appellants further rely upon the provisions of section 3543 of the Civil Code, which provides that where one of two innocent persons must suffer by the act of the third, he by whose negligence it happened must be the sufferer. The claim here is made that the owners gave the DeLuxe Building Company sufficient money to pay the plaintiff's account in full. Had the DeLuxe Building Company been an independent contractor instead of the agent of the owner, it might be urged that the indorsing of the account "paid" by the plaintiff misled the owner and would constitute an estoppel. We do not very well see how a principal can plead any estoppel based upon the failure of his agent to make proper application of the money entrusted to his care.

The judgment of the trial court is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.