[Civ. No. 15729.   Second Dist., Div. Two.   June 4, 1947.]

HERBERT O. MEYER, Respondent, v. FRANK SELGGIO, Appellant.

Lindelof & Perelli-Minetti for Appellant.

Herbert L. Iasigi for Respondent.

McCOMB, J.—Defendant appeals from a judgment predicated upon the granting of plaintiff's motion for a judgment on the pleadings in an action to recover a broker's commission for the sale of the fixtures, lease and good will of a business known as the Detroit Hotel in Los Angeles.

So far as material here the pleadings disclose the following allegations and denials:

### The Complaint

In the complaint is alleged:

(1) the duly and regularly licensing of plaintiff as a business opportunity broker under the laws of the State of California;

(2) the compliance by plaintiff with the provisions of sections 2466 and 2468 of the Civil Code authorizing him to do business under a fictitious name;

(3) the employment by defendant of plaintiff for the sale of the Detroit Hotel on certain terms and conditions,

including an agreement to pay plaintiff a commission of $1,500 upon sale of the property;

(4)    that plaintiff negotiated the sale of the hotel in conformity with the terms and conditions of his written agreement for its purchase and sale signed by the defendant and vendee;

(5)    that he obtained purchasers who executed a contract for the purchase of the hotel, which contract defendant also executed, agreeing to sell the property; and

(6)    that the purchasers were ready, willing and able to comply with the terms of the agreement of sale.

### The Answer

The answer denied:

(1)    plaintiff was a duly licensed broker;

(2)    plaintiff had complied with the provisions of sections 2466 and 2468 of the Civil Code relative to doing business under a fictitious name;[1]

(3)    a consummated sale;

(4)    the readiness, willingness and ability of the purchasers to complete the purchase of the hotel;

(5)    that the sales agreement constituted a sale or was so intended;

(6)    the indebtedness of defendant to plaintiff, but alleged that defendant had executed a listing agreement in favor of plaintiff which listing agreement covered the Detroit Hotel, setting forth the terms and conditions upon which plaintiff was given an exclusive right for 30 days to sell the hotel and by which defendant agreed to pay plaintiff a 10 per cent commission in the event the hotel was sold.

As affirmative defenses it alleged:

(a)    that the sales agreement was rescinded by the purchasers due to material misrepresentations of plaintiff;

(b)    that the sales agreement was predicated upon the ability of the purchasers to obtain financing, which was not obtained.

Defendant moved for leave to amend his answer, but the record fails to disclose the nature of the proposed amendment.

On the foregoing state of the record the trial court granted plaintiff's motion for a judgment on the pleadings and entered judgment accordingly.

---

[1]These denials were for lack of information or belief.

There are two questions presented for our determination: First: *Did the pleadings admit a cause of action in favor of plaintiff?*

This question must be answered in the affirmative and is governed by these pertinent rules of law:

1. It is settled that a denial for want of information or belief of an alleged fact which may be ascertained from an inspection of a public record within the reach of defendant is insufficient to raise an issue, and that such a denial constitutes an admission of the allegation of the complaint. (See 21 Cal.Jur. (1925) p. 150, § 101.)

2. A broker's commission is earned when the vendee and vendor have executed a binding, written agreement between them upon the terms provided in the contract of employment of the broker, and the vendee is ready, willing, and able to perform the contract on the terms prescribed. (*Lind* v. *Huene,* 205 Cal. 569, 570 et seq. [271 P. 1087].)

3. The readiness, willingness, and ability of the vendee is conclusively presumed in a suit by a broker to recover his commission upon proof that the vendor has entered into a valid contract of purchase and sale with the vendee. (*Malmstedt* v. *Stillwell,* 110 Cal.App. 393, 398 [294 P. 41].)

4. The right of the broker to his commission is not affected by failure of either party to carry out the agreement. (*Lind* v. *Huene, supra; Twogood* v. *Monnette,* 191 Cal. 103, 107 [215 P. 542].)

5. Allegations of fraud in general terms are merely allegations of conclusions of law, and present no issuable facts. (See 12 Cal.Jur. (1923) p. 800 et seq., § 62.)

Applying rule 1, *supra,* to the facts, defendant's attempted denial for want of information or belief that plaintiff was a duly licensed broker, and that he had complied with the requisite code provisions to entitle him to the use of a fictitious name, were ineffectual since such matters are of public record and could have been ascertained by defendant from an examination of such records. Therefore such defective denials constituted an admission of each of said alleged facts.

In addition, defendant admitted by the allegation of his answer that he had signed a listing card in favor of plaintiff by which he had employed plaintiff and agreed to pay him a commission. He further admitted in his answer that he had executed the contract of sale in favor of the vendee obtained by plaintiff. Therefore, under rules 2 and 3 *supra* since de-

fendant admitted that he executed a written contract of sale of his property, he was foreclosed from questioning the readiness, willingness and ability of the purchasers to complete the contract, and his denial of such allegation in the complaint was immaterial. Also, his allegation in the answer that the contract was predicated upon the ability of the purchasers to obtain financing was immaterial for the same reason. Likewise, his denials that a sale was consummated or that the agreement constituted a sale or was so intended were merely legal conclusions contrary to the admitted facts.

The affirmative allegation that the vendee refused to complete the contract was immaterial under rule 4, *supra*.

Likewise there is no merit in the contention that an issue of fraud upon the part of plaintiff was raised by the pleadings. The answer fails to allege any specific acts of fraud and merely upon "information and belief alleges that" if there were any false or fraudulent representations, such "false and fraudulent representations were made by plaintiff."[2] Clearly such allegations fall far short of the requirements of rule 5, *supra*.

The net result of the analysis of the pleadings leaves the admissions by defendant that he employed plaintiff to sell his property on certain terms and conditions, including the agreement to pay plaintiff a commission, and that plaintiff obtained purchasers, ready, willing, and able to buy the property, who executed a written contract together with defendant on the terms specified by defendant. Therefore, since there are no other material issues raised by the pleadings, the trial court properly granted plaintiff's motion for a judgment on the pleadings.

Second: *Did the trial court commit prejudicial error in refusing to permit defendant to amend his answer?*

This question must be answered in the negative. The rule has been uniformly observed in California that on appeal before a judgment will be reversed error in the ruling of the trial court must be made affirmatively to appear. In the

---

[2]The attempted allegation of fraud in the answer was as follows:

"That defendant denies that any false and fraudulent representations were made by him to the Perrys, and in this respect alleges that all material dealings and negotiations between defendant and the Perrys were handled and conducted by plaintiff and plaintiff's efforts to bring about a sales in this matter and that if in fact any false and fraudulent representations did take place defendant is informed and believes and upon his information and belief alleges that such false and fraudulent representations were made by plaintiff."

present case the record is wholly devoid of the proposed amendment to the answer of defendant. Therefore we must presume that the amendment was immaterial and that the trial judge's ruling was correct.

Judgment affirmed.

Moore, P. J., and Wilson, J., concurred.