[Civ. No. 5374.   Fourth Dist.   Mar. 29, 1957.]

ELMER MARTIN, Respondent, v. WILLIAM CHERNA-
BAEFF et al., Appellants.

594

Siemon & Siemon for Appellants.

Mack, Bianco, King & Eyherabide for Respondent.

GRIFFIN, J.—This is an action to recover a real estate commission. The original complaint alleged that plaintiff, as a real estate broker, entered into the services of defendants, at their request, to negotiate for them the purchase of a 300-acre tract of land owned by one Doberstein at $35,000 cash; that defendants were to pay plaintiff's commission in the sum of $1,750; and that plaintiff procured the agreement of all parties on the terms set forth. It then alleged that plaintiff duly performed all the conditions of the agreement on his part to be performed and that the sum of $1,750 was due and unpaid.

After denying the allegations generally, defendants set forth certain claimed defenses to said cause of action, namely, that they never entered into any agreement in writing, authorizing or employing plaintiff as agent or broker to purchase said real estate for them, for a commission or otherwise; that the $1,750 mentioned was to become payable only upon the purchase by defendants of the property described; that defendants did not purchase it but it was subsequently sold to defendants' son, Alex, by Doberstein; that it was orally agreed between plaintiff and defendants that defendants would pay said commission *only* upon the condition that plaintiff procure a loan for defendants with which proceeds defendants were to pay the purchase price: that plaintiff never procured such a loan or any loan, and that the transaction failed because of such fact; that after

the time mentioned in the escrow had expired, February 5, 1951, the sellers withdrew their escrow and sold the property to defendants' son, and accordingly no commission was due under the agreement. Judgment was entered in favor of plaintiff for $1,750. The court made findings generally in accordance with the allegations and prayer of plaintiff's complaint without any specific finding as to whether the allegations contained in defendants' answer were true or untrue. On appeal from that judgment this court, in *Martin* v. *Chernabaeff*, 124 Cal.App.2d 648 [269 P.2d 25], held in effect that there was sufficient evidence, by written memorandum, to support the court's finding that Martin was acting as Doberstein's authorized agent in effecting the sale, and that defendants were to pay any commission due plaintiff; that defendants authorized, acknowledged and ratified this agreement and authorized the agent to buy or sell the real estate for a commission; that they directed the escrow agent to pay the commission from the proceeds of the sale; and that there was a sufficient compliance with section 1624, subdivision 5 of the Civil Code in this respect. For further particulars of the evidence produced and conclusions reached as to the transaction see statement of the case in the former appeal. It is quite lengthy and involved and will not be here repeated. This court reversed the former judgment mainly because there was no finding as to whether the claimed defenses above set forth in defendants' answer were true or untrue. An amendment of the complaint was permitted to allow plaintiff to plead fraud and specify whether he was relying upon the allegation of full performance on his part or whether he was prevented or excused from performing by the fraud or actions of defendants. After reversal, plaintiff amended his complaint alleging generally that defendants and Doberstein entered into a conspiracy to unlawfully cheat, wrong and defraud plaintiff of his commission of $1,750; that pursuant to and in furtherance of said conspiracy defendants deposited $10,000 with Doberstein on account of the purchase price of said property, and on April 16, 1951, the above-mentioned escrow was cancelled by the parties thereto; that pursuant to and in furtherance of said conspiracy and simultaneously with the cancellation of said escrow, another escrow was thereupon entered into with the title company wherein the Dobersteins agreed to sell said property to Alex Chernabaeff and his wife; that the transfer pursuant to this agreement was for the benefit of William

and Susie Chernabaeff; that said transfer was for the same price originally agreed upon save and except the $1,750 commission payable to plaintiff; that thereafter and in furtherance of said conspiracy, Alex and his wife transferred said property to William and Susie Chernabaeff. Demurrers to this amended complaint, both general and special, were overruled. After a short argument the respective parties agreed to and did submit the case upon the former transcript, records and exhibits received in evidence in the former proceedings and the trial court then found generally in favor of plaintiff and additionally found, with considerable amplification, that defendants and Doberstein did conspire to defraud plaintiff of his commission in the manner indicated by the amended complaint, and particularly found that the consummation of the sale failed solely because of the conspiracy of defendants and Doberstein. It then found as untrue, in some detail, all of the claimed defenses set forth in defendants' answer. Minute objections were made to these findings, and the amended complaint and these objections were again urged on the motion for a new trial and are again urged on this appeal. Judgment was entered in favor of plaintiff for the same amount. In addition to the question of the sufficiency of the pleadings and findings, the principal question here presented is whether the evidence justifies the findings made.

The claim is that no actionable conspiracy or fraud on the part of defendants was shown or pleaded; that there was no showing of any act or conduct of these defendants which prevented or excused plaintiff from doing anything; that the seller had the unquestionable right to cancel the escrow at the time it was canceled by him; that defendants were under no obligation to pay plaintiff a commission; that the commission was to be paid from the purchase price money paid into the escrow and that the same was not paid; that the previous decision of this court is conclusive as to certain issues; that defendants were not obligated to plaintiff to complete the purchase through the first escrow, and accordingly, in the absence of such purchase, plaintiff would not be entitled to a commission; that there was no showing that the action of defendants in canceling the escrow violated any of plaintiff's contractual rights; that the evidence shows, without dispute, that the purchase of the property by the son in the second escrow was for his sole benefit; that the findings as to the special defenses are contrary to

the weight of the evidence, particularly in holding that the payment of the fee alleged was not dependent on plaintiff's securing a loan for defendants to complete the deal; that the evidence conclusively shows the purchase loan was never secured and the deal was abandoned; that the escrow instructions were not binding after February 5, 1951, and accordingly the entire transaction and agreement to pay a commission was properly canceled at that time.

It is plaintiff's claim that the evidence supported the findings in all respects; that direct proof of the conspiracy was next to impossible but the inference of a conspiracy and fraud, which was drawn by the trial court, was justified; that Doberstein had fully complied with his escrow instructions and all that was necessary for defendants to do was to pay the money into the escrow, and had they done so the transaction would have been consummated since it was stipulated that, at the time, defendants had the financial ability to carry it out; that the purchase price, in the transaction whereby defendants' son took title from Doberstein, was exactly the same as in the transaction whereby defendants were to buy the property, with the exception of the payment of the $1,750 commission, and that within nine months the son transferred the property to defendants by deed, without revenue stamps attached; that the purpose of this "Round Robin" was for defendants to acquire the property without the payment of the commission, and the only purpose of the transaction, in concert with Doberstein, was to defraud plaintiff of his commission.

In considering the question of finding a purchaser, not only ready and willing but financially able to live up to the terms offered by the principal, it has been said that though the broker procures an acceptance of the principal's offer, if he accepted this conditioned upon the buyer's being able to raise money to pay the purchase price, he had not procured a purchaser ready, willing and able to purchase; that the proposed purchaser need not have in his immediate possession, or to his credit in the bank all of the money required to close the transaction; that he is financially able if he can command the necessary funds to close the deal within the time required, or if no time is specified, within a reasonable time, as where he is financially worth enough to command such funds at the proper time or where he has made arrangements for such funds to be available, although part of them are to be secured on the purchase property itself; but

where an owner of property accepts the offer made by a person produced by the broker employed to make the sale, he thereby admits the readiness, willingness and ability of the purchaser to consummate the sale; and that the right of a broker to his commission is not affected by the failure of either party to carry out the agreement. (*Meyer* v. *Selggio*, 80 Cal.App.2d 161 [181 P.2d 690] ; 9 Cal.Jur.2d p. 246, § 82.) It is not here indicated that defendants were financially unable to live up to the terms of the agreement. In fact defendants' counsel stipulated that defendant was financially able to complete the agreement.

The principal question now involved, under the present pleadings and findings, is whether plaintiff, as agent of the Dobersteins, within the life of the contract, produced a bona fide purchaser, ready, willing and able to buy and obtained a binding and valid contract on the terms described in the written agreement. If so, he would be entitled to recover a commission from the seller. (*Twogood* v. *Monnette*, 191 Cal. 103 [215 P. 542] ; *Martin* v. *Chernabaeff*, *supra*, p. 654; 9 Cal.Jur.2d 240, 241, § 79, and cases cited.) If plaintiff was entitled to a commission from the seller then, by the agreement, the buyers agreed to pay that commission out of the money paid into escrow by them. As to the first escrow, apparently the sellers fully complied with their part of the agreement and placed the necessary deeds in escrow to transfer title to the buyers. The evidence is in conflict as to whether defendants were to make the payment of the purchase price and plaintiff was to be paid his real estate commission conditioned on his ability to secure a loan for the buyers. The trial court has now, on a retrial, definitely found that no such condition was attached. Although the evidence might well otherwise indicate, that finding has evidentiary support and we are bound by it. (*Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689].) Had the purchasers placed the amount agreed upon in the escrow, as required, plaintiff would have been entitled to his commission in the amount agreed upon to be paid from money deposited in escrow. Defendants would have been required to pay it. We must therefore assume, as found by the court, that plaintiff, at the time the agreements were signed, had performed all conditions required of him, and the buyers and sellers could not, in concert, for the purpose of effecting a sale of the said property to the same parties with intent to defraud, mutually abandon the contract and sale without the consent

of the agent, without assuming liability for the commission then due under the agreement. (9 Cal.Jur.2d, p. 260, § 92; *Hill* v. *McCoy,* 1 Cal.App. 159 [81 P. 1015]; *Coulter* v. *Howard,* 203 Cal. 17 [262 P. 751]; *Calhoun* v. *Downs,* 211 Cal. 766 [297 P. 548].) See also *Pryor* v. *McGuire,* 59 Cal.App. 234 [210 P. 532], where it was held that where the seller and the buyer were for the first time brought together by the broker, and a sale was subsequently consummated by such parties, independently of the broker, and the broker had not abandoned his agency and the agency had not been revoked, the broker was the procuring cause of the sale. In the instant case, although there was evidence that the agent, as well as the buyer and seller, had abandoned the sale, the court found otherwise on sufficient evidence.

The next question is whether the claimed fraud, as found, is sufficiently pleaded and supported by the evidence. ■ It is true that allegations of fraud in general terms are merely allegations of conclusions of law, and present no issuable facts. (*Meyer* v. *Selggio,* 80 Cal.App.2d 161 [181 P.2d 690].) ■ The allegations in respect to the claimed fraud are set forth above, and incorporated therein by reference are certain allegations of the original complaint which include many of the facts related in the former opinion in this case. It is therein claimed that by virtue of these facts defendants and the sellers conspired together to defraud plaintiff of his commission due under the agreement. We conclude that the allegations set forth in the complaint and the findings based thereon are sufficient. Although a contrary finding might well have been indicated, there is sufficient evidence to support the ultimate findings of the court which recite in some detail the facts heretofore related, and conclude that thereby plaintiff did procure a purchaser ready, willing and able to purchase the property according to the terms agreed upon; that by virtue of the subsequent transactions the purchase price was paid into escrow by defendants; that title ultimately was placed in defendants through the nominal purchaser, the son of defendants; and that accordingly, plaintiff's commission of $1,750 agreed upon by defendants, was due and payable by them. Although there is no direct proof of such fraud or conspiracy it may be inferred from the facts established. (*Johnstone* v. *Morris,* 210 Cal. 580, 590 [292 P. 970]; *McPhetridge* v. *Smith,* 101 Cal.App. 122, 142 [281 P. 419]; *Coulter* v. *Howard,* 203 Cal. 17, 23 [262 P.

751] ; *Dandini* v. *Dandini,* 120 Cal.App.2d 211, 214 [260 P.2d 1033] ; *Biggs* v. *Tourtas,* 92 Cal.App.2d 316 [206 P.2d 871].) This sufficiently disposes of the real issues and questions here raised on appeal.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.