[Civ. No. 24355.   Second Dist., Div. Two.   Aug. 26, 1960.]

JERRY PEYTON et al., Respondents, v. MONTE CLY et al., Appellants.

Harley E. Kempley for Appellants.

Robert G. Schmorleitz and Frank T. Hennessey for Respondents.

RICHARDS, J. pro tem.*—Appeal by defendants from a judgment for a real estate broker's commission in favor of plaintiffs in the sum of $4,750 with interest.

Plaintiffs are licensed real estate brokers, and on or about November 11, 1954, defendant Monte Cly signed a listing agreement for a motel property with the plaintiffs wherein plaintiffs were granted the "open . . . right to exchange or sell my property" for a period of 180 days and wherein it was agreed that if an exchange was effected by the agents, they would be paid a commission of 5 per cent of the selling price. Monte Cly himself was not the owner of the motel, but instead it was owned by his wife, defendant Roselle Cly. It was their custom in dealing with property to have Mr. Cly appear as "owner" until the time of transfer of title. Mrs. Cly did not sign the listing agreement nor did she "by an instrument in writing" authorize Mr. Cly to sign it. During the month of December, 1954, the plaintiffs informed Mr. Cly that a certain property owned by a Mr. and Mrs. Militello was available for exchange and thereafter brought Mr. Cly and Mr. Militello together in order that they might negotiate an exchange. Thereafter, on December 27, 1954, without the knowledge of the plaintiffs, Mrs. Cly and Mr. and Mrs. Militello opened two separate escrows for the exchange of their properties. Defendants having refused to pay the commission, the action followed.

As grounds for reversal, defendants contend:

1. The listing agreement signed by Monte Cly was invalid in that he had not been authorized "by an instrument in writing" (Civ. Code, § 2309) to execute the same.

2. That plaintiffs represented both the buyers and sellers without disclosing such dual representation.

3. That having introduced the parties, the plaintiffs rendered no further service as brokers, thereby abandoning the listing agreement.

4. Insufficiency of the evidence to support the findings.

### Statute of Frauds

The plaintiffs' complaint alleged that "Monte Cly was authorized and empowered to and did act as the agent of defendant, Roselle Cly, and all things herein alleged to have been done by him were done by him in his capacity as agent for Roselle Cly." This allegation was specifically admitted in its entirety by the answer of the defendants. ▇▇ It is ele-

*Assigned by Chairman of Judicial Council.

mental that a party is bound by the admissions of his own pleadings (*Razzano* v. *Kent*, 78 Cal.App.2d 254, 259 [177 P.2d 612]), and may not make a contention based on a statement of fact contrary thereto (*Bloss* v. *Rahilly*, 16 Cal.2d 70, 77 [104 P.2d 1049]; *Gates* v. *Bank of America*, 120 Cal.App.2d 571, 575 [261 P.2d 545]. ▆ The agency having been specifically admitted, it was unnecessary to offer any proof thereof (*Lifton* v. *Harshman*, 80 Cal.App.2d 422, 431 [182 P.2d 222]; *Westberg* v. *Whittiken*, 101 Cal.App. 204, 206 [281 P. 509]), and evidence would not have been admissible to prove the untruth of the allegation. (*Lifton* v. *Harshman*, *supra*, p. 432.) ▆ In *Johnson* v. *Lehtonen*, 151 Cal.App. 2d 579 [312 P.2d 35], the defendant expressly admitted an allegation of the complaint that a contract wherein he agreed to sell real property was executed by his agent, and the court held that such admission precluded him from attempting to prove lack of written authority of his agent to execute the contract. We are of the opinion that the same principle applies here and that the defendants having expressly admitted the execution of the listing agreement by Monte Cly as agent for Roselle Cly, they are precluded from raising on appeal the issue of whether the agent was authorized so to do in writing. In *Durbin* v. *Hillman*, 50 Cal.App. 377 [195 P. 274], it was held that although there was an issue of the agent's authority in writing raised by a denial of the agency, nevertheless where no objection was made to oral evidence to prove the agency and the defendant not having urged any reliance on lack of written authority, he was precluded from raising such want of written authority on appeal.

Moreover, defendants did not plead the statute of frauds herein as an affirmative defense, nor did they at any time nor in any manner raise that issue during the trial. ▆ A contract not executed in conformity with the provisions of the statute of frauds is not void but merely voidable. (*O'Brien* v. *O'Brien*, 197 Cal. 577, 586 [241 P. 861].) ▆ Hence, the rule is well established that the failure of a defendant to raise the issue of the statute of frauds in some appropriate manner constitutes a waiver of that defense, and it may not thereafter be raised upon an appeal. (*Pao Ch'en Lee* v. *Gregoriou*, 50 Cal.2d 502, 506 [326 P.2d 135]; *Howard* v. *Adams*, 16 Cal.2d 253, 257 [105 P.2d 971, 130 A.L.R. 1003]; *Coleman* v. *Satterfield*, 100 Cal.App.2d 81, 84 [223 P.2d 61].)

The defendants having expressly admitted the agency, we paraphrase the decision of this court in *Allen* v. *Gindling*,

136 Cal.App.2d 21, at 27 [288 P.2d 130], by concluding: "Thus the fact of [Monte's written authorization] was not an issue in the trial court. It may not be raised on appeal."

■ Where the statute of frauds is not pleaded nor the question raised in the trial court, it will not be considered on appeal. (*Gower* v. *Bertrand*, 44 Cal.App. 233, 235-236 [186 P. 172].)

### Dual Representation

■ In contending that the plaintiffs were not entitled to recover because of a dual representation of both parties to the exchange without a disclosure thereof to their principals, the defendants are in effect asking this court to create reversible error by making an implied finding of fact favorable to the defendants based on conflicting evidence upon an issue not raised by the pleadings, not raised at the trial, and not the subject of a finding by the trial court. This we will not do.

While it is true that an undisclosed dual representation by a broker other than as a mere middleman without disclosure thereof furnishes either principal with grounds to avoid the transaction (*McConnell* v. *Cowan*, 44 Cal.2d 805, 809-810 [285 P.2d 261] ; *Vice* v. *Thacker*, 30 Cal.2d 84, 90-91 [180 P.2d 4] ; *Butler* v. *Solano Land Co.*, 203 Cal. 231 [263 P. 530] ; *Gordon* v. *Beck*, 196 Cal. 768, 771-773 [239 P. 309] ; *Glenn* v. *Rice*, 174 Cal. 269, 272 [162 P. 1020] ; *Jarvis* v. *O'Brien*, 147 Cal. App.2d 758, 759-760 [305 P.2d 961] ; *Hagge* v. *Drew*, 73 Cal. App.2d 739, 741-742 [167 P.2d 263] ), yet whether or not the plaintiffs were acting in a dual capacity or were mere middlemen generally presents a question of fact that should be determined by the trial court upon proper pleadings which present that issue, and thus permit the opposing litigants to meet the issue and the trial court to pass upon it. In each of the cases just above cited, the issue of dual representation was presented by appropriate pleadings and passed upon by the trial court. Here, neither the complaint nor defendants' answer present any such issue; there was no motion to amend the pleadings at the close of trial to include such issue; there is no finding on that issue; there is no request shown in the record that the trial court make a finding on that issue; there is no motion for new trial wherein the issue might have been raised; there is no request that this court make a finding on that issue, and, finally, there is no suggestion by the defendants that the trial court failed to find on all of the issues.

■ It is an established general rule that an issue not presented by the pleadings will not be considered upon appeal.

(*Tobola* v. *Wholey,* 75 Cal.App.2d 351, 357-358 [170 P.2d 952] ; *Munfrey* v. *Cleary,* 75 Cal.App.2d 779, 784 [171 P.2d 750] ; *Newhouse* v. *Getz,* 8 Cal.App.2d 113, 114 [47 P.2d 306].)
▮ Dual representation by a broker without disclosure to his principals is a species of fraud (*McConnell* v. *Cowan, supra,* 44 Cal.2d 805, 809), and where fraud is relied upon in avoidance of an otherwise valid obligation, that issue must be appropriately raised in the trial court, otherwise it will not be considered on appeal. (*Moss Estate Co.* v. *Adler,* 41 Cal.2d 581, 584-585 [261 P.2d 732] ; *London* v. *Zachary,* 92 Cal.App. 2d 654, 658 [207 P.2d 1067] ; *Hausfelder* v. *Security-First Nat. Bank,* 77 Cal.App.2d 478, 483 [176 P.2d 84] ; *Munfrey* v. *Cleary, supra,* 75 Cal.App.2d 779, 785.)

Interestingly enough, before we leave defendants' contention that the plaintiffs acted as brokers rather than as middlemen, we note from the defendants' own argument on the next point to be considered that ''after the broker, [*sic*] plaintiffs introduced the parties, he did nothing further to effect the consumation [*sic*] of the transaction.''

### Abandonment of Contract

The contention that the plaintiffs abandoned the brokerage contract after introducing the parties and are therefore not entitled to recover is utterly unmeritorious.

The court found that the plaintiffs performed all of the conditions of the listing agreement, and that the defendants effected an exchange as the direct result of the plaintiffs' service in procuring a ready, willing, and able purchaser. This finding was made upon conflicting evidence, and we are not disposed to give it further consideration when attacked only by reference to isolated excerpts of the testimony of appellant Monte Cly.

Without question, the plaintiffs brought the parties together, and without question the parties entered into escrow agreements of exchange. ▮ ''The readiness, willingness and ability of the vendee is conclusively presumed in a suit by a broker to recover his commission upon proof that the vendor has entered into a valid contract of purchase and sale with the vendee.'' (*Meyer* v. *Selggio,* 80 Cal.App.2d 161, 164 [181 P.2d 690]. See also *Martin* v. *Chernabaeff,* 149 Cal.App.2d 593, 598 [308 P.2d 470].)

### Findings Unsupported

Lest upon a petition for hearing, appellants assert that not all of their contentions were here considered, we merely allude

to their final contention, which is in the form of a categorical statement without amplification, reference to the evidence, citation of authority or argument that various findings are not supported by the evidence. Such a flagrant failure to comply with established rules in seeking appellate review constrains us to withhold consideration of this contention.

Judgment affirmed.

Fox, P. J., and Ashburn, J., concurred.