[Civ. No. 25205. Second Dist., Div. One. Aug. 28, 1961.]

W. A. CHISM et al., Respondents, v. AUGUST AGAZZONI et al., Appellants.

A. P. G. Steffes for Appellants.

Spencer & Harris for Respondents.

FOURT, J.—This is an appeal from a judgment in favor of plaintiffs upon a contract for a real estate brokers' commission.

On November 28, 1956, the defendants (owners of property in question) gave to plaintiffs (real estate brokers) a written listing agreement covering a motel property on Ventura Boulevard in Los Angeles. On May 23, 1957, the plaintiffs obtained from John Brogan and Agnes Brogan, husband and wife, a written offer to purchase the motel from the owners. The original offer was not acceptable to the owners and they thereupon submitted a written counteroffer by them to the Brogans. The counteroffer was accepted by the Brogans in writing. The counteroffer was in the form generally referred to as a deposit and reading as follows: [See pages 192 and 193.]

Thereafter the Brogans (buyers) made every effort to open an escrow at the Bank of America, International Branch, and the owners (sellers) failed, refused and neglected to join in the escrow instructions. In fact one of the owners stated in effect that she would not even read the proposed instructions. The agreed price, as indicated by the accepted counteroffer, was $95,000 and 5 percent thereof amounts to $4,750.

The court, after several hearings, awarded judgment in favor of the plaintiffs as requested, namely for $4,750.

The appellants assert in effect that the whole transaction

so far as they were concerned, depended upon whether the motel could be connected to the city sewer system. The judge, upon conflicting evidence, determined that such was not the case.

The appellants also contend that the hooking-up of the motel to the sewer system was a condition precedent to the contract's becoming effective. The court found otherwise upon substantial evidence.

There was evidence to the effect that the plaintiffs were duly licensed, were acting under a valid and binding written contract or contracts at all times with which we'are concerned. The plaintiffs produced the Brogans (buyers) who were ready, willing and able to purchase the motel property upon the terms submitted by the defendants (owners and sellers) in writing. As stated in *Meyer* v. *Selggio,* 80 Cal. App.2d 161, 164 [181 P.2d 690]:

"A broker's commission is earned when the vendee and vendor have executed a binding, written agreement between them upon the terms provided in the contract of employment of the broker, and the vendee is ready, willing, and able to perform the contract on the terms prescribed. (*Lind* v. *Huene,* 205 Cal. 569, 570 et seq. [271 P. 1087].)

 "The readiness, willingness, and ability of the vendee is conclusively presumed in a suit by a broker to recover his commission upon proof that the vendor has entered into a valid contract of purchase and sale with the vendee. (*Malmstedt* v. *Stillwell,* 110 Cal.App. 393, 398 [294 P. 41].)

 "The right of the broker to his commission is not affected by failure of either party to carry out the agreement. (*Lind* v. *Huene, supra; Twogood* v. *Monnette,* 191 Cal. 103, 107 [215 P. 542].)"

 In this particular case it must be kept in mind insofar as the brokers are concerned that it was the sellers who, after having made the counteroffer to sell and after such counteroffer was accepted, refused to go further with the transaction. The fact that the escrow was not opened was solely the fault of the sellers and they should not now be permitted to escape their liability because of their own derelictions.

We have carefully read the entire record in this case and the evidence is clear, it supports the findings, and the findings support the judgment.

Appellants complain of the manner in which the findings

Los Angeles, California.......... May 23 ........, 195 7...

Received from..... John Brogan .....................................hereinafter called "purchaser"

Address..... 1401½ North Hobart, Hollywood, California ..........................................

the sum of..... Five Thousand dollars (Check) ........................................ Dollars.

(Cash) — (Check)

as a deposit on account of the purchase price of the following described property, situate in the city of..... Los Angeles .....

County of..... Same .................., State of California, to-wit: Lot No................., Block No................, Tract No...........

also known as..... Avalon Motel - 18607 Ventura Blvd. ....................................... St, Ave. Blvd.

Subject to..... Pro-rate .............taxes for fiscal year 195. 6 . 5. 7 ..., Conditions, Restrictions, Reservations, Easements of Record, if

any, for the purchase price of..... Ninety-Five Thousand dollars & 00/100 ..........................................

Dollars and Bonds of Record with an unpaid balance not to exceed $..... none ..... The balance of the purchase price is

anyplace

to be placed in Escrow with the F̶L̶O̶R̶E̶N̶C̶E̶ ̶W̶I̶L̶E̶ ̶E̶S̶C̶R̶O̶W̶ ̶C̶O̶M̶P̶A̶N̶Y̶ within..... 30 .......days from date hereof, as follows, to-wit:

Cash:..... Twenty-Five thousand Dollars: Subject To—Execute—Trust Deed and Note:.............................

Buyers to assume a new first trust deed of $70,000.00 payable at the

rate of $600 per month, or more, with interest of 5% included.

Inventory to be taken and placed in escrow of all personal property

(Living Quarters Excepted) which is to be included in purchase price.

Sellers agree to have the motel connected to city sewerage during the

course of escrow and at sellers expense. Prorate of rents, insurance, taxes to

close of escrow.

Possession at close of escrow.

And IT IS HEREBY AGREED: 1st—That in the event said purchaser shall fail to pay the balance of said purchase price or complete said purchase as herein provided, the amounts paid hereon shall be retained; one-half by seller and one-half by real estate agent, provided, however, that said real estate agent's portion of any forfeiture shall not exceed the amount of his commission, in consideration of accepting this agreement.

2nd—That in the event the title to said property shall not prove merchantable and said seller shall not perfect, or be able to perfect, the same within a reasonable time from this date, the purchaser shall have the option of demanding and receiving back said deposit and shall be released from all obligations hereunder.

3rd—That the evidence of title is to be in form of a Policy of Title Insurance issued by a responsible title company and to be furnished and paid for by the seller.

4th—That in the event the improvements on said described premises should be destroyed or materially damaged between the date hereof and consummation or settlement of this purchase, this contract shall at purchaser's election immediately become null and void and said deposit shall be returned to said purchaser on demand.

5th—That the taxes for the current fiscal year ending June 30th following this date, and the interest, insurance, rents and other expenses of said property shall be pro-rated from date of delivery of deed or final contract of sale.

6th—That the property is sold subject to approval of owner and this offer is effective and irrevocable on my part until.....5/24/57, 195....., at...............M to enable agent herein to procure said owner's approval. Mo. Day Year,

7th—Time is the essence of this contract; but the time for any act required to be done may be extended not longer than thirty days by the undersigned agent.

8th—If action be instituted on this agreement I agree to pay such sum as the Court may fix as attorney's fees.

9th—IT IS UNDERSTOOD AND AGREED that this agreement contains the entire contract between the Buyer and Seller, and it is further understood and agreed that no representative or agent has any power to change, modify or make any terms or representations whatsoever, other than those herein stated; that all representations not herein set out are expressly waived by the Buyer.

## Chism-Moody Realty Co.

.................................................................Real Estate Broker, License No...43356.

By................................................................................Salesman

I agree to purchase the above described property on the terms and conditions herein stated.

Purchaser { .......John Brogan.......
............Agnes Brogan............

I agree to sell the above described property on the terms and conditions herein stated and agree to pay the above signed broker as a commission the sum of.................5% of selling price..................................Dollars, or one-half the deposit in case same is forfeited by purchaser, provided the same does not exceed the full amount of the commission.

Seller { .........................................
.........................................

were drawn. Perhaps they are not a model to follow, but under the circumstances of this particular case, we find no reversible error therein.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied September 20, 1961, and appellants' petition for a hearing by the Supreme Court was denied October 25, 1961.